No. 1637.—ELIZA W. LATHAM v. DANIEL HICKY.

Where a party demands the rescission of a sale, he must, as a condition precedent, return, or offer to return, the consideration which he has received.

Courts of justice will not extend relief to a party against his own contract without exacting strict justice from him to his adversary.

APPEAL from the Fourth District Court of New Orleans. *Théard, J. P. H. Morgan,* for defendant and appellant. *Lacy & Marks,* for plaintiff and appellee.

LUDELING, C. J. The plaintiff sues to rescind the sale of her interest in the estates of her grandmother and grandfather, on account of the non-payment of the price. The defense is, that large sums have been paid to the plaintiff on account of the purchase, and that she has not returned, or offered to return the amounts received by her.

There was judgment rescinding the sale and reserving to plaintiff the right hereafter to claim from the defendant the difference, if any should exist, between the amount she may realize as heiress and the price of the sale. The defendant appealed.

The evidence shows that the plaintiff sold her right of inheritance, nominally, for $18,000, but, in reality, for such sum as would represent the true value of the estates, when it would be finally settled. The estates are yet unsettled. The evidence makes it probable that the

present value of the plaintiff's share in the estates is less than the amounts she has already received from the defendant, and we would presume, in the absence of all evidence, that the sums given to her by the defendant, after the sale, were payments on the only debt due by him to her, and not loans. But the uncontradicted testimony of the defendant leaves no room for conjecture. He swears positively that the sums given to her, after the sale, were payments on account of the price of the purchase.

A party demanding the rescission of a contract must return, or offer to return the consideration received by him. It is a settled principle in courts of equity that relief will never be extended to a party against his own contract, without exacting from him strict justice to his adversary. This is a condition precedent to be heard. 3 N. S. 466; 4 La. 198; 19 La. 283; 2 R. 180; 5 R. 65; 6 R. 450.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed, and that there be judgment dismissing the plaintiff's action as in case of non-suit. It is further ordered that the plaintiff and appellee pay the costs of both courts.