HAMILL v. THOMPSON et al.

1. When the payment of the purchase-money is a condition precedent to the delivery of a deed of conveyance, the refusal to pay the whole or any balance due, leaves the vendor at liberty to rescind the contract.

2. Where the vendor receives part of the purchase-money, he must, before seeking relief in a court of equity against the vendee, return or offer to return the amount received, with interest.

3. Where A held title to realty in trust for B, and at B's request conveyed to C, the payment of the purchase-money being a condition precedent to the delivery of the deed, and the deed, having been delivered without compliance with that condition, *held,* that on refusal of payment, B had his election either to pursue his remedy at law against C, and thus affirm the contract, or to rescind the contract and seek equitable relief.

4. Whether the rescission of a contract will be decreed rests in the sound discretion of the court, exercised with reference to all the equities of the case.

5. A mere demand for the payment of the balance of purchase-money cannot be regarded as an acquiescence in the wrongful delivery of an escrow, and as depriving the vendor of his right to rescind.

A deed delivered in violation of the conditions of an escrow can have no force or effect as a deed.

6. If a complainant mistake the relief to which he is entitled, the court may, under the prayer for general relief, adjust its decree to the full equity of the case.

7. Those only who have an interest in the *object* of a suit in equity are ordinarily required to be made parties.

*Appeal from District Court of Boulder County.*

THE case is stated in the opinion.

Mr. JAMES M. NORTH, for appellant.

Mr. GEORGE D. REYNOLDS, and Mr. ORRIS BLAKE, for appellees.

ELBERT, J.   The bill in this case alleges that on the 25th day of July, 1875, the appellant, who was the complainant below, purchased of Davis a one-fourth interest in the Keystone mine ; that at the date of the purchase the mine was owned in common by the said Davis and one Clark ; that Davis did not convey the said one-fourth interest to the appellant, but by agreement held the same in trust for him; that on the 25th day of August, 1875, appellant sold said fourth interest to the defendant, Henry C. Thompson, for the sum of one thousand dollars, payable five hundred dollars within twenty days, and five hundred dollars within a reasonable time thereafter ; that on the same day, at the request of appellant, Davis made a deed of the said one-fourth interest to Thompson ; that by agreement of parties the deed was placed in the hands of one Andrew P. Thompson as an escrow, upon the condition that it was not to be delivered until the one thousand dollars was paid as above stipulated ; that the defendant, Henry C. Thompson, paid a portion of the purchase-money, amounting in all to eight hundred dollars ; that on the 27th day of September, 1875,

Andrew P. Thompson, without the consent of appellant, delivered the deed to Henry C. Thompson contrary to and in violation of the conditions of the escrow; that upon the same day Henry C. Thompson filed the deed for record; that at the time of delivery as aforesaid, there remained due and unpaid of the purchase-money two hundred dollars; that Henry C. Thompson refused to pay the same; that thereupon the appellant rescinded the contract of sale, and gave Thompson, the purchaser, notice thereof; that on the 9th day of December, 1875, and prior to filing his bill, appellant tendered him the amount of the purchase-money paid by him to appellant, with interest, which Thompson refused to accept; that he also demanded from Thompson a conveyance of said one-fourth interest in the mine, which he refused to make; that Andrew P. Thompson and one William H. Taylor, about the time of said sale, acquired by purchase an undivided one-half interest in the mine, and in connection with the said Clark and Henry C. Thompson had possession, occupied and worked the mine since the 25th day of August, 1875, and had taken out large quantities of ore of the value of sixty thousand dollars, and that the said Henry C. Thompson had received and converted to his own use the one-fourth part thereof.

The bill prays that the deed to Henry C. Thompson so placed in escrow be declared null and void, or that he be adjudged to hold said one-fourth interest in trust for appellant, and decreed to convey the same to appellant; that he also be decreed to account for one-fourth of the proceeds of the ore taken out during his occupancy of the mine; and that he be enjoined from taking ore from the mine, or in any way intermeddling with the same pending the litigation; also, that the other owners of interests in the mine, Clark, Taylor and Andrew P. Thompson, be enjoined from permitting Henry C. Thompson from interfering with the mine, and that they be enjoined from delivering to him, or accounting to him, for any share of the ore taken out of the mine during the pendency of the suit.

To this bill the defendants interposed a demurrer upon the grounds: 1st, want of equity in the bill; 2d, non-joinder of proper parties, in that Simon Davis was not made a party to the bill; 3d, misjoinder of parties in that Andrew P. Thompson, William H. Taylor and Henry H. Clark were made parties to the bill; 4th, that the bill is multifarious. The demurrer was sustained and the bill dismissed.

The bill alleges, and the demurrer admits, that Davis held the title to a one-fourth interest in the Keystone mine in trust for the appellant, and at his request conveyed the same to Thompson, to whom appellant had sold. By the terms of the sale to Thompson, the payment of the purchase-money was a condition precedent to the delivery of the deed, and upon his refusal to pay the whole or any balance due, the appellant was at liberty to rescind the contract. *Burnett* v. *Caldwell*, 9 Wall. 290; *Jackson ex dem. Shipley* v. *Moncrief*, 5 Wend. 26; 2 Chitty's Contracts, 1090 (11th Am. ed.); 2 Parsons on Contracts, 679* (6th ed.).

The bill alleges the default of Thompson in making payment, and notice to him of rescission by the appellant. He who seeks equity must do equity, and the appellant having received payment of part of the purchase-money before seeking relief in a court of equity, it was necessary for him to return, or offer to return, the amount received with interest. Story's Eq. Jur., § 64 (*e*); *Latham* v. *Hickey*, 21 La. Ann. 425; *Lee* v. *Taylor*, id. 514.

The bill alleges an offer by the appellant to return the amount of the purchase-money received, with interest, and the refusal by Thompson to receive it. Had the conveyance placed in escrow been a deed direct from the appellant to the purchaser Thompson, upon the rescission of the contract, the appellant might have maintained ejectment. *Burnett* v. *Caldwell*, 9 Wall. 290; *Jackson ex dem. Shipley* v. *Moncrief*, 5 Wend. 26; *Wright* v. *Moore*, 21 id. 230.

The conveyance being from Davis, who held the title in trust for appellant, direct to the purchaser Thompson, the

appellant properly sought relief in a court of equity. That the appellant had an action at law on his contract does not oust a court of equity of its jurisdiction. On refusal of payment he had an election either to pursue his remedy at law, and thus affirm the contract, or to rescind the contract and seek the equitable relief to which the facts entitled him. Whether the rescission of a contract will be decreed rests within the sound discretion of the court, exercised with reference to all the equities of the case ; "not an arbitrary or capricious discretion, dependent upon the mere pleasure of the judge, but of that sound and reasonable discretion which governs itself, so far as may be, by general rules and principles." 1 Story's Eq. Jur. 693, 742.

A chief consideration is always whether the parties can be placed in *statu quo.* Upon the facts stated, it cannot be said that any difficulty of this character forbids the decree of rescission. We find nothing in the bill to support the proposition that the appellant waived his right to rescind the contract in question. His right to rescind sprang from the refusal of Thompson to pay a portion of the purchase-money then due, and not from the wrongful delivery of the escrow. The bill alleges that after the refusal of Thompson, the purchaser, to pay, the appellant rescinded the contract and gave him notice thereof. What time intervened between the refusal to pay and the rescission does not appear; and if a question whether the rescission was made within a reasonable time could arise in such a case it was not fairly presented by the demurrer.

Acquiescence in the wrongful delivery of the escrow, if shown, might lose the appellant the right to rescind, and leave him to his action at law for the balance of the purchase-money, the same as if the deed had been delivered at the time of the purchase ; but no facts appear in the bill upon which acquiescence can be predicated. "Nothing short of an express satisfaction of the deed, or such an acquiescence after a knowledge of the facts as would raise

the presumption of an express ratification would give the deed validity." *Hadlock* v. *Hadlock*, 22 Ill. 388.

The demand for the payment of the balance of the purchase-money could not be so regarded unless the purchase-money had been paid. As the deed to Thompson was placed in escrow, and was delivered by the depositary in violation of the conditions of the escrow, it had no force or effect as a deed. 3 Washburn on Real Prop. 586 (4th ed.); 1 Parsons on Contracts (6th ed.), 493. The court of equity may either direct its cancellation or may treat the vendee as a trustee and decree a conveyance to the complainant. 1 Story's Eq. Jur., § 437; *Bussell* v. *Stinson*, 3 Hay, 1; *Dey* v. *Dunham*, 2 Johns. Ch. 182.

The jurisdiction of courts of equity in cases of this character, their power to order the delivery up and cancellation of deeds and other instruments fraudulently or otherwise improperly obtained; to direct a conveyance of title where equity and good conscience demand it; to decree an account of rents and profits if such are involved, are too well understood and too fully treated of in the text-books to need discussion. 1 Story's Eq. Jur., § 692 *et seq.;* Kerr on Fraud and Mistake, 332 *et seq.*

Nor is it necessary to inquire into the propriety of the specific relief prayed in the bill. If a complainant mistake the relief to which he is entitled under the prayer for general relief, the court may adjust its decree to the full equity of the case. Story's Eq. Pl., §§ 40, 41, 42. The objection to the bill for want of equity was not well taken.

The next objection presented by the demurrer is that Davis, who held originally the title in trust for the appellant and who executed the deed to Thompson, was not made a party to the bill. The general rule in equity, as laid down by Mr. Story, is that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are to be made parties to it, either as plaintiffs or defendants, that there shall be a complete decree that shall bind them all. Ordinarily this is held to include those only who are interested in the object of the suit. Story's Eq. Pl., § 72.

How is Davis interested in this suit? The bill alleges and the demurrer admits his character as trustee, and the full and complete discharge of his trust by the conveyance to Thompson at the instance of the appellant, for whose benefit he held the title. Having fully discharged himself of the trust the appellant has no further claim upon him respecting it. If the appellant would have the right upon the cancellation of the deed to Thompson, to demand a reconveyance to himself upon the ground that the first execution of trust had been ineffectual, it obviously would not accrue until the cancellation was decreed, and to have sought such a re-execution of the trust in this bill would have made it clearly multifarious, as joining two distinct claims to relief against different parties not mutually interested. Story's Eq. Pl., § 541. The appellant prayed no relief against him, nor can we see that the interest of the defendants required that he should be made a party. The relation in which he stood to the subject-matter of the suit is admitted by both parties, and he has no interest in the *object* of the suit. No decree that can be rendered between the parties can affect him, for he has no interest in the property to be affected. To claim that he may be interested in the property in some other way or character than that stated in the bill, is to retract the admissions of the demurrer. Clark, Taylor and Andrew P. Thompson, as part owners of the mine, and as working it in connection with the defendant Henry C. Thompson, are made parties defendant to the bill, and an injunction is asked restraining them from accounting to him for any portion of the proceeds of the mine. This is the only relief asked against them. In this view they are proper parties, and the bill was not multifarious by reason of their joinder.

The demurrer was improperly sustained, and the decree of the court below is reversed with costs, and the cause remanded for further proceedings.

*Reversed.*