### MANVILLE *v.* BELDEN MINING CO.

*(Circuit Court, D. Colorado. June 28, 1883.)*

CORPORATION—ACTION FOR MONEY HAD AND RECEIVED—CHARTER.

> A corporation, like a natural person, may be compelled to account for the benefits received from a transaction, even if it be one not enforceable by reason of the fact that its agents have no right to make it, unless it be in its nature illegal or immoral; and if the agreement under which the corporation has received and appropriated money or property cannot be enforced, it cannot be heard to refuse to account on the ground that it had no power under its charter to take it, and action may be sustained, without reference to the agreement, to recover whatever money may be justly due for the value received.

On Demurrer to Answer.

*Mr. Branson,* for plaintiff.

*Henry T. Rogers,* for defendant.

McCRARY, J., *(orally.)* The plaintiff declares, first, upon a promissory note executed in the name of the defendant corporation by an agent, and as a further and separate cause of action he avers, in paragraph 3 of the complaint, that, during the year 1881 and 1882, this plaintiff, at the special instance of the defendant, advanced to said defendant, and for its use and benefit, at different times, various sums of money, amounting in the aggregate to the sum of $3,166, no part of which has ever been paid, or the interest accrued thereon, except the sum of $275.

To this defendant answers, among other things, that it is a corporation, and that one of its by-laws is as follows: "No debt shall be contracted for or in the name of the company, except by order of the board of directors, and then not in excess of the funds actually in the treasury."

It is averred that the debt set out in the said third paragraph of the complaint was not contracted by order of the board of directors, and that at the time it purports to have been contracted there was no money in the treasury of the company. To this portion of the answer the plaintiff demurs. I consider the third paragraph of the complaint as a claim for money had and received by the defendant from the plaintiff. It avers that the plaintiff advanced money to the amount of $3,166 to said defendant, at its special instance and request, and for its use and benefit. Under this allegation it will be competent for the plaintiff to prove that he furnished, advanced,

or loaned money to the defendant, which the defendant received and used; and if this proof is made, it will be no answer to show the limitation of the powers of the defendant, contained in the by-laws above quoted. It is insisted that under some peculiar provisions of the statute of Maine, under which this corporation was organized, its by-laws have the force and effect of charter provisions; that all persons must take notice of them. I do not inquire into the soundness of this claim, as, even if it be admitted, if the third paragraph of the complaint is true the defendant is liable. A corporation, like a natural person, may be compelled to account for the benefits received from a transaction, even if it be one not enforceable by reason of the fact that its agents have no right to make it unless it be in its nature illegal or immoral. If the agreement under which the corporation has received money or property cannot be enforced, an action may be sustained without reference to the agreement to recover whatever money be justly due for the value received. A corporation that has received money or property from another, and appropriated it, cannot be heard to refuse to account for it on the ground that it had no power under its charter to take it. See rule 14, p. 121, Mor. Priv. Corp. and cases cited.

The demurer to so much of the answer as sets up the defendant's want of power, as a defense to so much of the answer as is contained in the third paragraph, is sustained.