# SNYDER *v.* VOORHES.

*(Supreme Court of Colorado, April 1, 1884—Appeal from the District Court of Pueblo County)*

1. PLEADING—PARTIES. In an action to cancel and set aside a deed of record, on the ground that it was never delivered, and its possession procured by the grantee by fraud—the grantee being dead, his heirs are necessary parties. A complaint against the executrix only, held bad on demurrer.

STONE, J. The complaint of the appellant, as plaintiff in the Court below, alleged that her husband, being indebted to James L. Voorhes, the husband of appellee, the defendant below, gave his promissory note therefor, payable to Flora L. Voorhes, the said defendant; that afterwards, for the purpose of discharging said indebtedness, the plaintiff executed a deed conveying certain land lying in the county of Pueblo, to the said James L. Voorhes, and deposited the said deed as an escrow with one M. G. Bradford, to be delivered to the said grantee upon condition that the note aforesaid should be surrendered and delivered to said depositary; that subsequently the said Bradford offered to deliver the deed to the said grantee and his wife, the defendant, upon the condition aforesaid, but that both said grantee and defendant refused to comply with said condition and deliver up the note; that afterwards, in the absence of said Bradford from his house, the said grantee went to said house, and upon pretense of examining said deed, obtained the same from the wife of Bradford, and without the knowledge or consent of said Bradford, or of the plaintiff, carried the deed away and had the same recorded, fraudulently and in violation of the condition of its delivery, etc. That the said note has never been delivered up nor canceled, the said land never been paid for, nor has there ever been any consideration for said deed. That neither the said James L. Voorhes nor his said wife, the defendant, has ever owned nor been in possession of said land, but that the plaintiff is now and has been in continuous possession of said land, and the ownership in fee thereof. That subsequent to the recording of the deed as aforesaid, the said James L. Voorhes died, leaving a will, by which the said Flora, the defendant, was appointed

the sole executrix thereof; that said will was probated in the county of Onondaga, in the State of New York, and said defendant thereupon qualified as said executrix, and entered upon the duties thereof. That the said deed so fraudulently obtained and recorded as aforesaid, is a cloud upon the title of the said lands of the plaintiff, and the complaint therefore prays that the same be adjudged fraudulent and void; that it be set aside, cancelled and expunged from the records, and for general relief.

This complaint was demurred to by the defendant, the demurrer was sustained, and the plaintiff appeals to this Court, assigning for error the ruling of the Court below in sustaining the demurrer, and rendering judgment thereon.

The principal question raised by the demurrer, and the only one we need pass upon, under the assignment of errors, is whether the proper and necessary parties are made defendants in the action.

On the part of the appellant it is insisted, that since there was no valid delivery of the deed, no interest in the premises passed by the conveyance to the decedent as grantee in his lifetime, and hence neither his heirs nor devisees have any interest to be affected by the decree prayed for in this action. While it is true that a deed delivered wrongfully and fraudulently, or without authority and contrary to the conditions of its delivery, as averred in this complaint, like an undelivered deed, passes no estate or interest thereby, yet the averments of the complaint in this case are facts to be established upon trial, and while these averments are by the demurrer admitted to be true, as against the sole defendant sued, as executrix, yet they are not admitted as against any one not a party to the action. Taking the complaint as true, the deed in question having been properly executed by a competent grantor, and upon a sufficient consideration, to a competent grantee, would, upon a good delivery, operate to pass the estate therein described, and the heirs or devisees of the decedent grantee dying seized of the premises, would be the real parties in interest to be affected by a judgment or decree in this action. Their possible interest cannot be admitted away by the executrix; such heirs or devisees, in whom the estate would be vested in case the conveyance were valid, are entitled to their day in Court, and to have

an opportunity to contest the averments of the complaint in the action. In real actions, or one like this, in which the title to realty is affected, it is as important to the parties plaintiff as to parties defendant to have the proper and necessary parties before the Court, in order that they may be bound by the judgment. We think there was no error in the ruling and judgment of the Court in sustaining the demurrer upon the ground of a defect of proper parties defendant, and the judgment will be accordingly affirmed. *Judgment affirmed.*

*E. J. Bennett* and *G. Q. Richmond*, for appellant.

*J. W. Horner* and *Patton & Urmy*, for appellee.

---

*Negotiable Instrument—Equitable Assignment.* A. drew his negotiable draft in favor of C., a banker, on B. for the exact amount due him, for the purpose of having C. discount the same, which he did, in the usual course of business, and paid to A. the proceeds. While the draft was in transit to B. for acceptance and payment, he, without any knowledge of its existence, remitted the amount due, by certified check on his banker to A., who received and converted it to his own use, by depositing it to his credit with his banker as cash, together with his other deposits, subject to his checks. On presentation of the draft, B. refused to accept or pay, and it was returned to C. A. then made a general assignment, having a bank balance to his credit greater than the amount of his draft. This check was forwarded by his banker for payment, and two days after the assignment, was paid by the bank certifying the same: *Held*, that as between A. and B., and under these circumstances C. acquired, by equitable assignment, the right to the amount then in B.'s hands. That B. having remitted to A. the amount, by check, before notice of the draft, which was afterwards paid, was released from the obligation to accept or pay, but the check in the hands of A., or his banker, or its proceeds when collected, belonged in equity to C. in the absence of any intervening right, and he may, in an action for equitable relief against the parties, have the same applied to the payment of his draft. *Gardner* v. *Bank*, Sup. Ct., Ohio.

*Partition—Continuance for Benefit of Third Person—Privity— Damages.* Articles of copartnership contained a stipulation