[No. 5476.]
[No. 3146 C. A.]

KNAPP ET AL. v. NELSON.

1. **Appellate Practice—Findings Based on Conflicting Evidence.**
   Findings of the court based upon conflicting evidence will not be disturbed on appeal, where there is sufficient evidence to sustain them.—P. 449.
2. **Escrows—Deed Placed in Escrow—Recording Without Delivery.**
   A deed placed in escrow and later recorded without having been delivered, contrary to the conditions of the escrow agreement, passes no estate.—P. 449.

*Appeal from the District Court of Conejos County.*

*Hon. Chas. C. Holbrook, Judge.*

Action by Louis Nelson against Fordyce M. Knapp and Edmund R. Knapp to quiet title to land. From a judgment for plaintiff, defendants appeal.
                                                    *Affirmed.*

Mr. JESSE STEPHENSON, for appellants.

Mr. LEWIS S. RILEY, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Action by appellee to quiet title to a quarter section of land in Conejos county.

Trial to the court without a jury.

The court found:

That in the month of May, A. D. 1900, Charles A. Johnson sold the northwest quarter of section eight (8) in township thirty-six (36), north of range nine (9), east of the New Mexico principal meridian, in the county of Conejos, state of Colorado, the land here in controversy, to these defendants, and one of the defendants drew his check on the bank in Monte Vista, Colorado, for the amount of the purchase price, and by agreement of the parties, the check and deed were left in the possession of George A. Willis; the deed to be recorded, abstract of title acquired, a clear title appearing therefrom, the purchase price, less the taxes, to be forwarded to the grantor.

Mr. Willis, the custodian of the deed and check, and, in fact, escrow holder, had the deed recorded and presented the check for payment, which payment was refused at the instance of the drawer of the check. Such check was never paid and no part of the purchase money for such land was ever paid by the defendants or either of them, and there is still no offer on the part of the defendants to pay for such land, and the deed has never been delivered, and no consideration therefor has ever passed.

That the plaintiff has since purchased and become the owner of the land in question.

That at the time of the commencement of this action the plaintiff was, and has, continued in the possession of said land, and is entitled to have his title to the same quieted.

Wherefore the court finds the issues generally for the plaintiff.

A decree was rendered in favor of appellee in accordance with the foregoing findings.

The findings of the court and the rendition of the judgment are assigned for error.

Upon conflicting evidence, with abundant evidence to sustain the findings, the issues of fact presented by the pleadings were resolved in favor of plaintiff, and we are bound thereby.

It appears from the findings of the court and the evidence in support thereof, that the deed under which appellants claim title was recorded by the escrow holder in violation of, and contrary to, the terms of an escrow agreement.

Appellants contend that the recording of the deed constituted a delivery of the deed to them, thereby vesting in them title to the land in controversy.

A deed placed in escrow, delivered in violation of, or contrary to, the conditions of the escrow agreement, has no force or effect as a deed, and passes no estate or interest thereby.—*Hamill v. Thompson*, 3 Colo. 518, 523; *Snyder v. Voorhes, Exrx.*, 7 Colo. 296, 297; *Wolcott v. Johns*, 7 Colo. App. 360, 376.

Conceding that the recording of a deed is a delivery thereof, as contended by appellants—upon which point we express no opinion—the delivery of the deed, under the facts of this case, passed no estate in the lands in controversy, to the appellants.

The judgment will be affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concurring.