[Civ. No. 393.     Second Appellate District.—October 4, 1907.]

MANUEL MONTIJO, UBALDO SANCHEZ and WM. CRAWFORD, Appellants, v. ROBERT SHERER & CO., Copartners, et al., Respondents.

FORCIBLE ENTRY—MOTION FOR JUDGMENT ON PLEADINGS—ABSENCE OF BILL OF EXCEPTIONS—PRESUMPTION UPON APPEAL.—In the absence of a bill of exceptions to a ruling of the court in an action of forcible entry, denying plaintiffs' motion to strike out the answer, and for judgment on the pleadings, it must be presumed upon appeal that the reason of the trial court for refusing to embody these matters in the "statement" were valid and sufficient.

ID.—SUPPORT OF FINDING AGAINST ACTUAL OR CONSTRUCTIVE POSSESSION BY PLAINTIFF.—Held, that the evidence is sufficient to support the finding of the court that the plaintiffs were never in either the actual or constructive possession of certain uninclosed lots alleged to have been forcibly entered upon.

ID.—STRIKING OUT PAROL EVIDENCE OF OWNERSHIP.—The title of the plaintiffs was not involved in the action for forcible entry. It could not be proved by parol, and the court did not err in striking out parol evidence of one of the plaintiffs as to his ownership in the lots entered upon by the defendants.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Wm. Crawford, for Appellants.

Bicknell, Gibson, Trask, Dunn & Crutcher, for Respondents.

TAGGART, J.—An action of forcible entry. Plaintiffs allege ownership and actual possession of lots designated as 44, 45, 46, 47 and 48 of a certain subdivision in the city of Los Angeles, and the forcible entry of defendants upon lots 44 and 45 at divers times on February 2, 1906, and at other times between that date and February 14, 1906; and that defendants blasted and tore up and carried away large portions of the soil of said lots. The prayer of the complaint is for damages only.

Judgment was for defendants, and plaintiffs appeal from the judgment and from an order denying their motion for a new trial.

It is stated in appellants' brief that they made a motion to strike out the answer and moved for a judgment on the pleadings on the ground that the answer did not state facts sufficient to constitute a defense, but that the court denied both motions. The question is presented in the argument, although it appears from the brief that the court refused to admit a record of these motions into the statement. No bill of exceptions on this ruling appears in the transcript, and in the absence of any showing we are bound to assume that the reasons of the trial court for refusing to embody these matters in the "statement" were valid and sufficient.

The grounds of the motion for a new trial, as stated in the notice, are: Insufficiency of the evidence to justify the decision of the court; and that the decision of the court is against law. The specifications of error in the statement on motion for a new trial do not cover the latter ground, but specify an error of law occurring during the trial by a ruling of the court striking out a statement made by the plaintiff Manuel Montijo when a witness on the stand. The particular in which the evidence is claimed to be insufficient to support the decision of the court is addressed to the finding that the plaintiffs were never in either actual or constructive possession of the property forcibly entered.

The testimony of plaintiff Montijo failed entirely to connect the property on which he said the defendants entered with that described in the complaint. The only deduction the court was able to make, as stated by it, was that "the blasting was fifty feet away from his house and at the end of the hill." Thereupon, by consent of the parties, the court visited the premises, and upon returning into court the judge

made a statement in open court of his observations taken on the premises. From this statement it appeared that the buildings and improvements of plaintiff were on lots 46, 47 and 48, and that none of them were on the lots in question, 44 and 45. It also appeared that none of the lots were inclosed. This statement is corroborated by one of the witnesses for defendants, an engineer who surveyed the property, who testified to the conditions existing for a period of three years previous to the alleged entry of defendants. The negative testimony of the witness Maloney that he never saw certain things, although he lived "right there adjoining the property" for fifteen years, is corroborative evidence, as, had the things mentioned been there, the court was entitled to presume that Maloney would have seen them, such were his opportunities for observation. There was abundant evidence to support the finding complained of, even though it be conceded that the testimony of plaintiffs will bear the construction given it by appellants. It then becomes a question of a conflict in the evidence, in which case the findings of the trial court must be sustained.

The decision is not against law, and there was no error in striking out the testimony of plaintiff Montijo as to his ownership. His title was not involved, and, if it were, could not be established by parol evidence.

We find no error in the record, and the judgment and order of the trial court are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 29, 1907.