## No. 8966.

### MILLER v. CITY AND COUNTY OF DENVER.

1. APPEAL AND ERROR—*Party Bound by Position Below.* One who in an action of ejectment interposes a cross complaint praying that the title be quieted in him will not, on error, be heard to complain that the issue thereby presented was improperly injected into the cause below.

2. ESTOPPEL—*Election of Remedies, Ejectment,* plaintiff claiming under the foreclosure of a deed of trust. Cross complaint praying that the title be quieted in defendant. The foreclosure being adjudged void plaintiff is not estopped to claim that the deed of trust is still a valid lien upon the premises.

3. PLEADINGS—*Amendment During Trial,* of the prayer, demanding relief to which plaintiff is clearly entitled, approved. (Rev. Code, secs. 81-84).

4. MORTGAGE—*Void Foreclosure,* leaves the mortgage, a subsisting lien upon the land.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Mr. CHARLES F. MILLER, *pro se.*

Mr. JAMES A. MARSH and Mr. JACOB J. LIEBERMAN, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

This action was instituted by Lucius F. Hallett, as trustee, the predecessor in interest of the defendant in error thereafter substituted as plaintiff. The complaint alleged that Hallett was the owner in fee, entitled to and had demanded possession of Lots 21, 22 and 23 in Block 55, Curtis & Clark's Addition to Denver. The prayer was for possession, damages, etc. The plaintiff in error, Miller (one of the defendants, hereafter called the defendant), filed answer in which he claimed ownership, alleged possession, etc. By cross-complaint he alleged possession and ownership, etc., and prayed that his title be quieted as against the plaintiff.

Judgment was in favor of the defendant Miller in the

ejectment suit, and against him upon his cross-complaint as against the interest of the plaintiff evidenced by a deed of trust, which the court held constituted a valid lien upon the property, the note which it was given to secure not having been paid. The court further held that a trustee's deed given by the trustee named in the deed of trust to the plaintiff, the then owner of the note upon a purported foreclosure by the trustee, was void and ordered it cancelled in conformity with the prayer of the defendant Miller.

The record discloses, that long prior to this controversy Robert Gammon gave his note for $5,000.00 with interest to George W. Clayton, and to secure its payment, gave a deed of trust to S. N. Wood as trustee for the use of Clayton, upon Lots 21, 22 and 23 in Block 55, Curtis & Clark's Addition to Denver, and on Lots 21, 22 and 23 in Block 55, Steck's Addition to Denver, then owned by him; that the description in Curtis & Clark's Addition covered about two-thirds of the land included in the deed of trust, that in Steck's Addition one-third; that it took these descriptions in each addition to cover the entire tract, which was seventy-five by one hundred twenty-five feet; that defendant Miller purchased this land subsequent to the recording of the deed of trust, and that the deed to him provided that the title conveyed was subject to this lien; that in 1912 Moses Hallett, as executor of the Clayton will, caused Wood to purport to foreclose the deed of trust; that Hallett purported to buy the property at the attempted foreclosure sale as the beneficiary; that after his demise his son Lucius F. Hallett succeeded him as such executor, and instituted this suit in ejectment.

The defendant alleges that the city was wrongfully allowed to rely upon two separate distinct and inconsistent causes of action in one suit. The suit was in ejectment. The defendant, by cross-complaint, sought to quiet his title as against Hallett. He, Hallett, presented a defense thereto. The city lost in its ejectment suit, Miller, in his quieting title suit. Whether he, Miller, had the right to inject that issue into the ejectment suit, will not be determined.

The court and plaintiff having accepted it as an issue at his initiation, he cannot be heard to complain because it was tried.

The plaintiff's answer to defendant's cross-complaint set forth the existence of the note and deed of trust, alleging that the note was unpaid; that they constituted a valid lien upon the property; that Miller's interest in the lots was acquired subsequent to this lien and was made expressly subject thereto, etc. The defendant claims that as Hallett, and thereafter the city, plead title in fee in the ejectment suit based upon the trustee's attempted foreclosure, evidenced by his purported trustee's deed, that they could not thereafter, as a defense to his quieting title action, allege that the note and deed of trust were a lien on the property that by claiming ownership under the trustee's deed they elected between two inconsistent remedies, and were bound by this election and were therefore estopped from taking any other position, and claiming that the note and deed of trust are a lien upon the property. The authorities cited to sustain this contention are not applicable to this case. Had the defendant not interposed his cross-complaint, the issue to be determined would have been the validity of the trustee's deed in which the court would only have set aside the foreclosure sale, or held it for naught, probably cancelled the trustee's deed, gave judgment to defendant for costs and stopped there. This would not have been a determination of the city's right under their note and deed of trust, which, under the ruling in *Stephens v. Clay*, 17 Colo. 489, 30 Pac. 43, 31 Am. St. 328, would have still remained a lien upon the lots. There is no selection of inconsistent remedies in the plaintiff claiming in appropriate proceedings that it held the legal title through the trustee's deed as the result of the attempted sale and that if it did not, upon account of the invalidity of the foreclosure proceedings, that then it held an equitable interest by virtue of the original deed of trust. The first of these was presented by a suit in ejectment. The second by replication to defendant's cross-complaint wherein he sought to quiet his title as against all claims of

the city. He brought this latter into the ejectment suit and it was then for the court to decide whether the city had the greater title, to-wit, the fee by virtue of the pretended foreclosure which included the lesser, or whether it had the lesser interest represented by its note and deed of trust. Under the circumstances disclosed, it had the right to claim both. *Stephens v. Clay, supra; Lewis v. Hamilton*, 26 Colo. 263, 58 Pac. 196; *Empire R. & Co. Co. v. Howell*, 22 Colo. App. 584, 126 Pac. 1096; 27 Cyc., 1493-1494.

The defendant's argument that the proof shows the note was paid is without merit. The evidence ·is, uncontradicted that at the pretended foreclosure sale the lots were bid in by the owner of the note to whom the trustee's deed was executed; that the trustee endorsed the amount of the purported purchase price on the note. There is no claim that payment was otherwise made. As this purported sale was held to be void, and the trustee's deed ordered cancelled upon account of ambiguity and insufficiency of description of the property attempted to be sold, the beneficiary got nothing and paid nothing and the trustee received nothing. The ruling in *Stephens v. Clay, supra*, controls this question.

It is claimed that the court erred in allowing the city to amend its pleadings during the trial. The record discloses, that this cause was tried with another between the parties pertaining to the same property. It is difficult to determine from this record what portion of this complaint applies to this case, as amendments appear to have been allowed in both. That portion pertaining to the ejectment pleadings, if well taken, can be eliminated as harmless, for the reason that the defendant was successful on that issue. By amendment to its answer to defendant's cross-complaint, the city was allowed to plead certain facts which tended to show that in case the trustee's deed was void that the note and deed of trust were still a lien upon the property. A comparison between this amendment and the original replication convinces us that all the testimony could have been introduced under the issues made

without this amendment. The only material difference was in the prayer wherein the plaintiff prayed that the deed of trust be decreed a present lien upon the property. The facts plead in the original replication, sustained by the testimony, disclose that the city was entitled to this relief, for which reason there was no abuse of discretion in allowing this amendment during the trial. Sections 81-84, Rev. Code, 1908. When defendant objected to this amendment. as coming during the trial, he was advised by the court that it would be allowed, but if he was taken by surprise, or for any other reason desired, such reasonable time as he might require to meet any issue raised by the amendment would be given him. He declined to take advantage of this privilege, but instead insisted that twenty days be given him to plead thereto. This was refused. We find no abuse of discretion in this respect.

The judgment is affirmed.

*Affirmed.*

Decision *en banc.*