## No. 9133.

### WEGHORST *v.* CLARK ET AL.

1. TAXES—*Lien Of.* The tax assessed for an irrigation district is a lien upon the land upon which it is levied.

2. CONTRACT—*Rescission.* One who has contracted to purchase lands clear of encumbrance may rescind the contract, if in fact the lands are encumbered by a tax, which, though not yet payable, the vendor refuses to pay.

3. VENDOR AND PURCHASER—*Purchaser's Right to a Conveyance Corresponding with His Agreement.* One who has contracted to purchase lands "subject" to an encumbrance, is not required to accept a deed containing a provision to the effect that he assumes such encumbrance.

4. DEED—*Delivery,* without authority of the grantor, and against his instructions, conveys nothing.

5. ESTOPPEL—*By Contract—Essentials.* The party asserting an estoppel by conduct must have been misled to his injury; and the burden is upon him to prove this.

6. *Pleading.* An estoppel must be pleaded.

*Error to Adams District Court, Hon. Harry S. Class, Judge.*

*Department Two.*

Messrs. BENEDICT & PHELPS, for plaintiff in error.

Mr. D. W. BATES and Messrs. MELVILLE & MELVILLE, for defendants in error.

Opinion by Mr. Justice Denison.

THIS was a suit by Weghorst to rescind a contract and for reconveyance of land. He was non-suited.

The plaintiff, Weghorst, on the 22nd of October, 1913, entered into an agreement in writing with the defendant, John R. Clark, whereby Clark agreed to convey eighty acres in Morgan County to Weghorst, and Weghorst agreed to buy the same and pay cash, one dollar, and convey to Clark three hundred and twenty-seven acres in Adams County therefor. The contract contained the following clauses:

"It is understood that the above 80 acres of land is encumbered with a mortgage of seventeen hundred dollars, *which party of the second part agrees to pay.* * * * It is also understood that this 327 acres is to be clear of all encumbrances.

It is also provided and agreed that party of the first part is to have a reasonable time to examine and *except* this 327 acres.

It is mutually agreed that good and sufficient warranty deeds are to be exchanged and delivered immediately after abstracts of titles shall have been exchanged and *examine showing good and merchantable titles.*

Should abstracts of title require correction a reasonable time shall be given therefore ten days may be had in this work."

It appears from the record on error that Weghorst was a resident of Fort Morgan, John R. Clark a resident of Iowa, the defendant, D. N. Clark, was his nephew, and the defendant, C. W. Hammond, was a real estate agent in Fort Morgan, who was endeavoring to bring about an exchange of the property.

The plaintiff claims that the defendant, Hammond, in order to defraud him, persuaded him to execute a warranty deed and leave it in his hands. He did execute such a deed and gave it to Hammond, to be delivered after the deeds had been examined by his attorney, the abstracts delivered, the titles examined, and everything was ready for consummation; John R. Clark also placed in Hammond's hands a deed of the eighty acres to Weghorst. Hammond, without awaiting the examination of deeds or abstracts, sent the deed from Weghorst to Adams County for record, but retained the deed from John R. Clark to Weghorst, which Weghorst did not see until after his deed to Clark had been recorded, and which contained, immediately after the description, the following:

"The same to be clear of all encumberance except a mortgage of seventeen hundred dollars, and the bonded indebtedness, which party of the second part agrees to assume and pay."

The eighty acres was subject to a mortgage in excess of $1,900, and J. R. Clark, in preparation for the fulfillment of the contract, reduced the mortgage by payment to $1,700.

The eighty acres in Morgan County was within the limits of an irrigation district, which had issued bonds which constituted the bonded indebtedness referred to in the clause above quoted. The authorities levied a tax for the irrigation district for the year 1913, which amounted to upwards of $300 against the eighty acres in question. The parties fell into a dispute about the premature record of the deed from Weghorst, the payment of this tax, and other less important matters, and in March, 1914, Weghorst demanded that John R. Clark pay the said tax and deliver him a deed, subject to the $1,700 incumbrance. It is not clear whether he intended to demand the deed free from the bonded indebtedness, and it is claimed that he had waived that defect in the title.

In the meantime John R. Clark had conveyed the Adams county land, for a valuable consideration, as he claims, to

D. N. Clark. There was no proof of notice to D. N. Clark, nor was there any proof of lack of notice to him of Weghorst's claims. John R. Clark refused to pay the tax, and Weghorst brought suit to rescind the contract and for a reconveyance of the Adams county land.

Under the statute it was Clark's duty to pay these taxes; they were a lien on the eighty acres when the contract was made, and under the contract it was his duty to convey the eighty acre tract free from them, and while they were not payable until some time after the contract was intended to be consummated, yet, before the contract was consummated and before Weghorst rescinded it, Clark refused to pay them and asserted that he would not pay them; therefore Weghorst had a right to rescind.

*Hamill v. Thompson,* 3 Colo. 518.

At the trial Clark tendered the deed from which the above quotation is taken, which was refused. It was rightly refused. The above clause by which Weghorst purports to assume the payment of the bonded indebtedness is not in accordance with the contract and justifies the refusal. It is possible that under the peculiar circumstances of this case Weghorst was under obligations to take the eighty acres subject to the bonded debt, but by no theory could he be obliged to assume or agree to pay it, or take the risk of the doubtful legal effect of the clause purporting to assume such payment.

As to *statu quo,* John R. Clark had given Weghorst nothing and had done nothing at the time of the rescission, except to pay a part of his own debt, and was therefore *in statu quo.* The loss of the eighty acres by foreclosure pending this action is by his own fault, after notice of rescission.

As to the effect of the deed from Weghorst to Clark, the record shows it to have been recorded without actual delivery to Clark, without the authority and against the instructions of the grantor. This was not a delivery. The instrument was not a deed and conveyed nothing.

*Hamill v. Thompson, supra; Knapp v. Nelson,* 41 Colo. 447, 92 Pac. 512, and cases cited.

We do not think the record shows that Weghorst ever waived this point. His correspondence shows that he demanded a reconveyance immediately. True, he was willing at all times to carry out the agreement according to its terms,—and urged that that be done,—and if it had been done the instrument would have been ratified and would have become a deed, but it was not done and John R. Clark never signed or tendered a deed according to the terms of the contract, but refused to carry out the contract by paying the irrigation tax for 1913, by reason of which Weghorst rescinded. The conveyance, therefore, from Weghorst, never took effect.

What, under these circumstances, are the rights of D. N. Clark? He is not in the position of the ordinary purchaser without notice of unrecorded rights, neither is Weghorst in that of one who has failed to record his evidences of title, so the question is not to be solved by construction of the recording acts. Weghorst has never parted with his title to any one. The only way, if any, in which D. N. Clark can claim anything against him is by *estoppel in pais* through his neglect to take immediate measures to recover his land thus leaving an apparently good title shown by the record. But according to the record before us, estoppel is not pleaded, and that is necessary.

*De Votie v. McGreer,* 15 Colo. 467, 471, 24 Pac. 923, 22 Am. St. 426; *Gaynor v. Clements,* 16 Colo. 209, 211, 26 Pac. 324; *Prewett v. Lambert,* 19 Colo. 11-12, 34 Pac. 642, nor was it proved. To constitute estoppel it is essential that the defendant be misled to his hurt (*Griffith v. Wright,* 6 Colo. 248) and we have no proof that D. N. Clark knew of the whole transaction.

The judgment should be reversed.

Garrigues, C. J., and Scott, J., concur.