## No. 10,835.

## RUEDY, ET AL. v. ALAMOSA NATIONAL BANK.

Decided April 6, 1925.

Action to foreclose real estate mortgage. Judgment for plaintiff.

## *Reversed.*

1. MORTGAGE—*Foreclosure—Parties.* The foreclosure of a real estate mortgage which is defective for want of parties, does not destroy the security.

2. *Void Foreclosure.* A mortgage may be enforced by suit against those as to whom a first foreclosure was void.

3. *Parties—Query.* Does the omission of a party defendant in a foreclosure suit, destroy all the mortgagee's rights?

4. *Merger.* The acquisition of a paid mortgage note by a company holding possession of the mortgaged land under a contract to purchase, did not effect satisfaction of the mortgage note by merger.

5. PLEDGES—*Property of Another.* One procuring a loan cannot pledge as security therefor a mortgage note belonging to another.

6. CORPORATIONS—*Loans—Authority of President.* No authority ap-

pearing, the president of a corporation could not borrow money for his company.

7.  ESTOPPEL—*Pleading.*  Estoppel or deceit cannot be asserted as a defense unless pleaded.

8.  VENDOR AND PURCHASER—*Mortgage—Set-off.*  Purchase of vendor's mortgage by company holding contract of purchase of mortgaged land entitled it to set off its purchase price against balance owing on such contract to vendor or to one succeeding to his rights.

9.  MORTGAGE—*Purchaser—Rights.*  A bank acquiring a mortgage note with knowledge of transferor's rights therein and mortgage securing note, obtained no greater rights than transferor had.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. JOHN W. HELBIG, Mr. ALBERT S. FROST, for plaintiffs in error.

Mr. JESSE STEPHENSON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

*On Rehearing.*

THE Alamosa National Bank obtained a decree of foreclosure of a mortgage on land in Rio Grande county, and certain of the defendants bring error.

The principal points relied on for reversal are: (1) There had been a previous foreclosure of the same mortgage; (2) the mortgage note had been satisfied; (3) the bank had no title to the mortgage note.

The essential facts are as follows: January 18, 1916, Thomas made a mortgage to Kilgore. October 1, 1917, Thomas contracted with Smith to sell the mortgaged land to him on terms with deferred payments. October 6, 1917, Smith assigned the contract to the defendant company, of which he was president and general manager. The com-

pany entered and farmed the land. February 21, 1919, Smith paid Kilgore the amount of the note, which was overdue, and, as directed by the company, took an assignment of it and the mortgage to himself but actually for the company. May 3, 1919, Smith borrowed $2,500 of the bank on his own note and put up the mortgage note as collateral without express authority from the company. It is admitted in the pleadings that the bank then knew of the company's interest in the note and mortgage. There is evidence that Smith then and there told the bank that he was borrowing the money for the company. June 25, 1919, Thomas conveyed the land to Ruedy subject to the contract and to the mortgage; March 29, 1920, a receiver was appointed for the company; July 8, 1920, the mortgage was assigned to the bank to complete the collateral security. October 2, 1920, a suit for foreclosure was begun against Thomas, and February 23, 1921, the bank bought the property at foreclosure sale. Neither Ruedy, Smith, the receiver, nor the company was made a party to that suit. June 9, 1922, the present suit was begun and the decree was entered June 20, 1923.

On the first point we are with the defendant in error. A foreclosure defective for want of parties does not destroy the security. The mortgage may still be enforced by suit against those as to whom the first foreclosure is void. Necessary defendants in foreclosure suits are sometimes very numerous. Does the omission of one destroy all the mortgagee's rights? *Foster v. Johnson,* 44 Minn. 290; *Foster v. Trowbridge,* 46 N. W. 350, 351; *Miller v. Denver,* 63 Colo. 385, 167 Pac. 767.

The second point is no better for plaintiffs in error. Their claim is that Smith's payment of the amount of the mortgage note to Kilgore and its consequent acquisition by the company was a satisfaction by merger, since the company then held the contract of purchase and was in possession. The company, however, was under no obligation to pay. It had not made or assumed the note. It had a right then to purchase it. 27 Cyc. 1436.

Upon the third point the case must be reversed. The principal note which Smith gave the bank was signed by him alone. It need not be said that he could not pledge the company's mortgage note to secure his own note. If we regard the principal note as the note of the company the case is no better because no authority, express or implied, in Smith to borrow money for the company is shown. The evidence shows but one other loan by the bank to the company through him and that was on express authority, limited to that one transaction. *Sanford Cattle Co. v. Williams*, 18 Colo. App. 378, 380, 381, 71 Pac. 889; *Rizzuto v. R. W. English Lumber Co.*, 44 Colo. 413, 414, 98 Pac. 728; *Schramm v. Liebenberg*, 42 Colo. 516, 520; *Conqueror, etc., Co. v. Ashton*, 39 Colo. 133, 134, 90 Pac. 1124; *Breed v. First National Bank Central City*, 4 Colo. 481, 506; *Union Gold Mining Co. v. Rocky Mt. Nat. Bank*, 2 Colo. 248, 565.

It is claimed that the company gave Smith the apparent title, but even so, it is immaterial, since no estoppel or deceit is pleaded and the bank had notice of the company's rights, as the pleadings admit.

Having purchased the mortgage, however, the company could do no more than set off its purchase price against the balance it then owed Thomas. After Thomas sold to Ruedy it then could have set off the same amount against the same debt now due to Ruedy (39 Cyc. 1617; *Galloway v. Finley*, 12 Pet. 264, 9 L. Ed. 1079; *Thredgill v. Pintard*, 12 How. 24, 13 L. Ed. 877), but it had transferred (if it did transfer) the note to the bank. The bank, of course, since it took with full notice, could get no more than the company could give, therefore it could do no more than set off the same claim against the same debt now held by Ruedy; their other equities, e. g., taxes paid, etc., being properly taken into account. It is enough now to say that the mortgage could not, on the evidence in the record, be foreclosed against Mrs. Ruedy. Perhaps it might be against the company and the receiver, but we leave that to rest on the next trial where other facts may possibly be developed.

Judgment reversed and new trial granted.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.