## No. 11,457.

### FARMERS BANK AND TRUST CO. *v.* MILLER.

#### Decided September 27, 1926.

Action on promissory notes.  Judgment for defendant.

### *Affirmed.*

1.  PRINCIPAL AND AGENT—*Checks—Notes.*  Authority of an agent to draw checks, is not authority to borrow money or make notes.

2.  BILLS AND NOTES—*Execution.*  The fact that a principal receives the benefit of a note executed without authority by his agent, does not validate the note.

3.  BANKS AND BANKING—*Overdraft—Note.*  Where a principal receives and retains the proceeds of an overdraft on a bank made by his agent, it may be a sufficient ratification to support an action for money had and received, but not an action on notes given by the agent for the overdraft.

4.  PRINCIPAL AND AGENT—*Manager.*  The mere fact that one is manager for a company does not confer upon him authority to borrow money or make promissory notes.

5. INSTRUCTIONS—*Evidence.* Instructions for which there is no basis in the evidence should not be given.

6. BILLS AND NOTES—*Execution—Ratification.* Retention of benefits of notes executed by an agent without the authority of his principal, does not ratify the notes.

7. *Execution—Agency.* Power in an agent to make notes is presumed only when it is a necessary incident in the course of the business itself. It is not enough that the management of the business has produced a situation which makes it necessary.

8. ESTOPPEL—*Ownership.* One dealing with another as sole proprietor of a business is not estopped to assert that there was another owner either of a part or the whole thereof.

9. *Existence.* Estoppel in pais exists only where one has been misled to his injury.

10. APPEAL AND ERROR—*Estoppel—Instructions.* An erroneous instruction on estoppel held harmless, under the facts disclosed.

11. INSTRUCTIONS—*Requests.* There is no error in the refusal of requested instructions on questions which are sufficiently covered by instructions given by the court.

12. *Agency.* Instruction on authority of an agent to act in the execution of promissory notes, approved.

13. EVIDENCE—*Check.* Where the only purpose in evidence of a check given for payment of a gasoline tax is to show receipt of the fund upon which it is drawn, good faith in seeking to avoid payment of the tax is irrelevant.

14. APPEAL AND ERROR—*Evidence—No Objection.* Alleged error, in rulings on the admission of evidence by the trial court to which no exception is saved, will not be considered on review.

15. EVIDENCE—*Letters.* In an action by a bank on promissory notes executed by an agent of defendant, a letter of the cashier tending to show that he knew the status of the agent in the business, held properly admitted.

16. *Proof.* Although a party may rely upon appearances which tend to establish a fact, he may nevertheless go further, and prove the fact itself if he so desires.

*Error to the District Court of Larimer County, Hon. Claude C. Coffin, Judge.*

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for plaintiff in error.

Mr. THOMAS H. GIBSON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

MILLER had a verdict and judgment in an action by the bank against him on two promissory notes. The bank brings error.

The principal claim for reversal is that the evidence required a directed verdict for plaintiff. We do not think so. The evidence, if the jury believed it, justified the verdict.

The notes were signed "The Northern Garage per Mrs. F. C. Miller." "The Northern Garage" was the name under which the defendant did business, and according to the verdict we must assume he was the sole owner. The vital question in the evidence was whether she had authority to sign the notes. There was no evidence of express authority to do that and no evidence, at least no undisputed evidence, that he had ever acquiesced in the making of any note of the Northern Garage by her. There was much evidence concerning her authority to draw checks, on the theory apparently, either that if she could draw checks she could make notes, or that, since the notes were given to cover an overdraft, if she had authority to make the overdraft, she could give the notes to cancel it. We do not agree with either of these theories. Authority to draw checks is not authority to borrow money or make notes. *Breed v. Bank,* 4 Colo. 481. Nor is the fact, if it be a fact, that defendant got the benefit of the money which was the consideration of the notes, enough to validate them. That might justify a judgment for plaintiff in an action against Miller for money had and received, but not on the notes. *Manville*

*v. Belden Min. Co.,* 17 Fed. 425. So, if the defendant with full knowledge received and retained the proceeds or ratified the overdraft by acquiescence or otherwise, that would be equivalent to original authority to make the overdraft, but not the notes, and might support an action for money loaned, or money had and received, but not an action on the notes *(Union Gold Mining Co. v. Rocky Mt. Nat. Bank,* 1 Colo. 531, 2 Colo. 248, 2 Colo. 565, 96 U. S. 640. *Manville v. Belden Mining Co., supra; Montrose Co. v. Greeley Bank,* 78 Colo. 240, 241 Pac. 527; *Bank v. Badger Lumber Co.,* 54 Mo. App. 327); but these causes of action are not presented in the pleadings before us. It should be noted that in *Union Gold Mining Co. v. Rocky Mt. Nat. Bank, supra,* the bank sued on the loan and tendered a surrender of the notes. In *Manville v. Belden Min. Co., supra,* the action was on two counts, one on the note and another in substance for money loaned, which latter was sustained on the ground of receipt of benefits; and we happen to know a verdict and judgment were afterwards obtained thereon by the plaintiff.

It is claimed that Mrs. Miller was manager of the Northern Garage, but the evidence on that point is conflicting, and, if she were, that alone would not give her power to borrow money or make promissory notes. *Schramm v. Liebenberg,* 42 Colo. 516, 94 Pac. 345; *Ruedy v. Bank,* 77 Colo. 112, 235 Pac. 350.

In addition to the above mentioned point upon the evidence, plaintiff in error assigns error in the instructions and in the admission and rejection of evidence.

As to the instructions: The bank claims that the court should have given "full and correct instructions as to ostensible authority, estoppel, acceptance of benefits and ratification." It is claimed that instructions Nos. 3 and 4 omitted all reference to these matters, and were therefore erroneous, but we find no evidence of ostensible authority to execute notes, nor of estoppel to deny them, and as to mere acceptance of benefits, that might be a

basis for an action for money loaned or money had and received, as we have shown above, but not on the notes. So, too, such acceptance might be evidence to show ratification, not of the notes, but only of the consideration therefor, i. e., the money advanced on the overdraft. *Montrose Co. v. Greeley Bank, supra.* Acceptance of benefits after knowledge of the notes might amount to ratification, but that point is not before us. The retention of benefits without knowledge of the notes does not ratify them.

The question of ratification of the notes was left to the jury with sufficient clearness in other instructions.

Instruction No. 9 is as follows: If you believe and find from the evidence that the giving of the notes here in suit was reasonably necessary to keep the business of the Northern Garage a going concern or to protect the interests confided to the management of Mrs. Miller, as agent, if you find that such management was confided to her, you may consider such necessity in determining whether or not authority did exist sufficient to bind the defendant for the acts performed by her as such agent.

Plaintiff in error contends that if the whole business was confided to Mrs. Miller and the notes were necessary to keep it going, her authority to make them is conclusively shown. We do not assent to that proposition. Implied power to make notes is presumed only when it is a necessary incident in the course of the business itself. *Schramm v. Liebenberg,* and *Montrose Co. v. Greeley Bank, supra.* It is not enough that the management of the business has produced a situation which makes it necessary. The court, therefore, went as far as it ought, when it said that such necessity could be considered in determining whether there was authority to make notes.

Instruction No. 12 is as follows: You are instructed that if Frank C. Miller asserted himself to be the sole and exclusive owner of the Northern Garage; and if you find from the evidence that the plaintiff had, during the

times mentioned in the complaint, notice of such a claim of ownership on the part of Frank C. Miller, and that it recognized and accepted that claim as being true and acted upon it as a basis for its dealings with him in relation to said business, it cannot now be heard to assert the contrary, but would be estopped from so doing.

This is wrong. One dealing with another as sole proprietor of a business is not thereby estopped to assert that there was another owner either of part or the whole thereof. He may show the fact. Estoppel in pais exists only where one has been misled to his hurt. *Griffith v. Wright,* 6 Colo. 248; *Weghorst v. Clark,* 66 Colo. 535, 539, 180 Pac. 742; *Breed v. Bank, supra.* There is no evidence of such a thing here and it is hard to see how there could be. Was the error prejudicial? We think not. The defendant is sued as sole maker and not as partner, and Mrs. Miller as partner could not make a note for him alone, so it would avail plaintiff nothing to prove that defendant was not the sole owner, and it follows that the question whether he was estopped to prove it was immaterial.

Instruction No. 2, requested by plaintiff and refused, touches upon the question of Mrs. Miller's agency and ratification. We find nothing in it not sufficiently, if not as clearly, expressed in the instructions given.

Instruction No. 13 is as follows: "Any one who deals with an agent contrary to express instructions from his principal to the effect that the agent has no authority to act in a particular manner does so at his own peril; and if you should find from the evidence that the defendant, Frank C. Miller, gave express instructions to the managing officer or officers of the plaintiff bank, about the month of November, 1920, that Mrs. Frank C. Miller from that time henceforth was without authority to execute promissory notes in his name or to obligate him upon commercial paper, you should return your verdict in favor of the defendant, unless it has been made to

appear by a preponderance of the evidence that the defendant, subsequent to such instructions, either expressly or impliedly countermanded such instructions."

We think it is right. If Miller after he gave instructions to the bank gave her apparent authority to make notes he impliedly countermanded them, whether he intended to do so or not.

Plaintiff's instruction 3, refused, states the proposition that mere acceptance of benefits ratifies the notes. We have shown above that such is not the law.

Instruction No. 6 requested by plaintiff and refused, is covered by our discussion of instruction No. 9 above.

The other objections to instructions refused are answered by what we have said above as to matters of evidence.

Concerning a check signed by A. C. Abbott to pay gasoline tax under protest and charged to Miller's account, Miller was asked: "You are the man that collected this of your patrons and then held on to it?" and an objection was sustained and this is assigned as error. We can see no error. The only purpose of the evidence of the check was to show reception of benefits, and to that Miller's good faith in seeking to avoid payment of the tax, was irrelevant.

The witness Ickes was asked concerning Mrs. Miller at the garage, "What was she doing there?" An objection was sustained. This is assigned as error; but the plaintiff conceded the ruling and took no exception.

Error is assigned that a letter was admitted in evidence from Abbott, cashier of plaintiff, to Mrs. Miller. It was competent and relevant since it tended to show what Abbott knew concerning the status of Mrs. Miller in the garage business, and that in his conduct of the dealings between the garage and the bank he was not acting wholly in good faith toward Miller. There was no error in its admission.

It is objected that counsel was allowed to ask defendant in effect whether he had the sales agency for Dort

cars. It is claimed that what appeared to be the fact was what plaintiff had a right to rely on. The claim is good, but plaintiff might also rely on the fact, if it were a fact, that defendant actually had the agency and it was proper to show whether he had it. The same may be said as to Mrs. Miller's testimony that she had no authority to sign the notes. The plaintiff might prove her ostensible authority or actual. Defendant had a right to disprove the latter as well as the former.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.