No. 9835.

### KUNKLE v. SOULE ET AL.

1. CORPORATION—*Stockholders*, cannot repudiate a transaction which binds the corporation.

2. ACTION—*Defenses—Want of Consideration* is not established where an assignment of the right to employ an alleged invention, accepted by the directors of a corporation, without fraudulent practice by the assignor to induce the acceptance, is shown by undisputed evidence.

3. PRACTICE IN ERROR—*Judgment.* Action by stockholders of a corporation to rescind the purchase by the directors of an invention of little value. The defendant pleaded the delivery to the company of certain chemical apparatus as an additional consideration. The court below having found that the invention was of no assignable or market value, rescinded the contract, and ordered the chemical apparatus restored. The Supreme Court having found that the invention was not without value, reversed the judgment for plaintiff, and, as well, the order for the return of the chemical apparatus.

*Error to Mesa District Court, Hon. Thomas J. Black, Judge.*

*Department Two.*

*Application for Supersedeas.*

Messrs. WALKER & HACKMAN, for plaintiff in error.

Mr. M. D. VINCENT, for defendants in error.

Mr. Justice Denison delivered the opinion of the court.

THE defendants in error brought suit against Kunkle and The National Radium Products Company to cancel 51,000 shares of stock in the defendant company which had been issued to defendant Kunkle. The trial was to the court; judgment for plaintiff that the stock be surrendered. Kunkle brings error and moves for supersedeas.

The complaint stated that the only consideration for the stock was the assignment to the company by Kunkle of a certain process for extracting uranium, vanadium and radium from ores, and that the process was worthless.

A demurrer to this complaint was overruled, because, though it failed, the court thought, in its attempt to state

a case of misrepresentation and deceit, the complaint did show the stock to have been issued without consideration.

Upon the trial evidence was offered looking toward a showing of deceit and fraud but the court permitted no issue to be tried except want of consideration.

The evidence showed, by the minutes of the company's meetings, that the consideration for the stock was the assignment and disclosure by Kunkle to the company of a process for extracting the said minerals, alleged to have been contrived by him and to be efficient and also the assignment of certain inventions of his which are called patents, but, it would seem, were not then patented. The directors passed a resolution to purchase these patents and this process and to issue the 51,000 shares of stock in payment and it was done. The defendants claimed that there were other considerations, among them certain personal property, consisting of chemical apparatus and laboratory outfit.

The company sold and assigned the patents to another company in which Kunkle was interested, and, in payment therefor, stock in that company was issued and distributed among the shareholders in the defendant company.

The court found that the process had "no assignable or market value", that the patents "have no market value" and that by assigning them the company "obtained nothing of value." It also found and decreed "that the defendant company deliver to the defendant, George Kunkle, the items of personal property, if any, now in the possession of the defendant company, which the defendant, George Kunkle, has heretofore contributed to or delivered to the defendant company." The court does not find the process or patents to be worthless but merely without "assignable or market value." Exactly what "assignable" means in this connection we do not know.

Many corporations for the exploitation of patents, discoveries, mining claims and what not, issue their certificates of stock for property without market value. Very valuable property often has no market value.

The evidence is that the process, though compiled from other known processes, required skill to contrive, and if it would work had some commercial value.

The judgment, then, is not justified by the evidence, because, while the only issue was consideration or not, a consideration was shown by undisputed evidence; a very poor and inadequate consideration, perhaps, but one that, without fraud, was unanimously accepted by the board of directors; nor is the judgment justified by the finding, because property without assignable or market value may be a good consideration for the issue of stock.

The company itself cannot repudiate such a transaction and so its stockholders cannot. *Turner v. Markham,* 155 Cal. 562, 102 Pac. 272; *Davenport v. Dows,* 18 Wall. 626, 21 L. Ed. 938; *Ambrose, etc., L. R.,* 14 Ch. Div. 390; *Foster v. Seymour,* (C. C.) 23 Fed. 65; *Langdon v. Fogg* (C. C.) 18 Fed. 5; *Stewart v. St. Louis R. Co.* (C. C.) 41 Fed. 736; *Dickerman v. Northern Trust Co.,* 176 U. S. 181, 200-203, 20 Sup. Ct. 311, 44 L. Ed. 423.

If the company had been defrauded it might have maintained some sort of action against defendant, Kunkle. If plaintiffs had been induced by false representations of Kunkle to purchase stock they might maintain an action against him for deceit.

If Kunkle had started the company and induced others to subscribe for shares for the purpose of selling his property to the company when organized, and had misrepresented his property for that purpose, the company itself, according to *Dickerman v. Northern T. Co.,* 176 U. S. 204, might have set aside the transaction, and, if the company refused to act, a stockholder might be so circumstanced as to maintain a suit. Possibly the facts are such that the complaint might be amended so as to state some such cause of action, but upon the only ground upon which the case was tried, want of consideration, the judgment, we think, cannot be sustained.

2. The finding of the court and the decree that property given by Kunkle to the company shall, upon the cancellation

of his certificate, be returned to him is inconsistent with the theory that there was no consideration. If such property was not given for the stock the return of it ought not to be required; if it was, then the stock was not issued without consideration.

For the reasons above stated the judgment should be reversed and new trial granted, with leave to amend.

Garrigues, C. J., and Scott, J., concur.