## No. 9736.

### JONES *v.* BOYER.

1. REAL ESTATE BROKERS—*Commission.* A broker employed to procure a purchaser for real estate earns his commission when, through his efforts, a purchaser meets the employer and a sale is made to him.

2. TRIAL—*Remarks of the Court.* Informal and desultory remarks of a judge at the close of argument are not findings of fact properly so called, and have not the force of a special verdict.

3. APPEAL AND ERROR—*Judgment.* A judgment will not be disturbed by the appellate court, if there is evidence to justify it.

*Remarks of the Court—Bill of Exceptions.* Informal remarks of the court made in passing judgment, are not made findings by so denominating them in a bill of exceptions.

*Error to the District Court of Arapahoe County, Hon. S. W. Johnson, Judge.*

Mr. JOHN H. GABRIEL, Mr. LUKE KAVANAUGH, for plaintiff in error.

Mr. CHARLES H. PIERCE, Mr. HARRY S. CLASS, for defendant in error.

*Department Two.*

Mr. Justice Denison delivered the opinion of the court.

Boyer brought suit against Jones for a commission on a sale of real estate, Tuileries Park, in Englewood. The case was tried to the court and plaintiff had judgment. The only question before us is whether there is sufficient evidence to support the judgment.

Boyer testified that he was a curbstone broker, that he saw Jones, the owner of the property, in a barber shop; that he introduced himself to Jones and the following conversation took place: "Are you the owner of the park?" "Yes, I am." "Is it for sale?" "It is." "I would like to get the selling of the park; I think I have got a prospective buyer." "Who is it?" "Mr. Woodward is the man. He is connected with the Film Company." "What is the Film Company?" "It is a place to produce moving pictures; I think it is a good, ideal spot for it." "All right, if you can sell it, go ahead and sell it." "I will try and have Mr. Woodward out tomorrow afternoon or tomorrow morning. I should say at ten o'clock." "All right, go ahead."

Plaintiff further testified that shortly afterwards, outside the barber shop, he said to Jones, "Mr. Jones, if I get this sale through, I expect the usual commission." That Jones replied, "That will be all right, go ahead."

This testimony is sufficient to justify a finding that plaintiff was employed to find a purchaser.

The evidence is undisputed that he afterwards told one O. D. Woodward of the property and its suitability for use in making films and that in consequence Woodward went to see it and Jones and ultimately bought the land. This makes a case for a commission. A broker employed to procure a purchaser has earned his commission when through his efforts a purchaser meets the employer and a sale is made to him.

Plaintiff in error makes the point that the court has found facts that are inconsistent with the plaintiff's evidence of employment and make a finding that there was an employment impossible; but there are no findings properly so-called. The judge, as judges often do, after the argu-

ments had been made, discussed the case at length, but his remarks, as is usual in such cases, were informal and desultory, consisting mostly of comments on the evidence and the witnesses, and we cannot regard them as of the force of formal findings, prepared as a basis for a judgment; there is nothing to indicate that they were so regarded by the judge.

Such remarks may perhaps be called an opinion, but are not findings of fact, properly so-called and have not the force of a special verdict, 38 Cyc. 1960. An example of formal findings of fact may be found in *Larimer etc. Co. v. Wyatt*, 23 Colo. 480, 483.

Since there is enough evidence in plaintiff's favor to justify the judgment we must let it stand.

We are not to be understood as saying that even if the remarks of the Judge were to be regarded as findings they would not consist with the judgment; neither have we overlooked the fact that these remarks are called findings in the bill of exceptions, but that does not make them so.

Supersedeas denied and judgment affirmed.

Garrigues, C. J., and Scott, J., concur.