## No. 10,057.

### SOULE, ET AL. v. KUNKLE, ET AL.

Decided March 6, 1922. Rehearing denied April 3, 1922.

Action to cancel corporate stock issued to defendants. Judgment of dismissal.

### *Affirmed.*

1. APPEAL AND ERROR—*Findings.* A general finding for defendants in an action for the cancellation of corporate stock on the ground that it was procured by fraud and without adequate consideration, is conclusive on review.

2. CORPORATIONS—*Cancellation of Stock.* A corporation cannot maintain an action for cancellation of its capital stock issued without fraud, for mere inadequacy of consideration which it had accepted; nor can a shareholder in its behalf.

3. EQUITY—*Maxim.* He who comes into equity must come with clean hands, applied.

4. TRIAL—*Remarks of Judge—Findings.* Remarks of the court during a trial are not findings, properly so called.

5. APPEAL AND ERROR—*Law of the Case—Re-trial.* On re-trial of a cause which has been to the supreme court where the question of consideration for transfer of stock of a corporation was passed upon the determination is decisive, the evidence being substantially the same as on the first trial.

*Error to the District Court of Mesa County, Hon. Thomas J. Black, Judge.*

Mr. M. D. VINCENT, Mr. C. T. VINCENT, for plaintiffs in error.

Messrs. WALKER & HICKMAN, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE court below dismissed the bill and plaintiffs bring

error. The facts may be found in *Kunkle v. Soule,* 68 Colo. 524, 190 Pac. 536. A judgment for plaintiffs having been there reversed, they amended their complaint so as to set up matters of fraud on the part of Kunkle as well as want of consideration for the issue to him of fifty-one per cent, 51,000 shares, of the capital stock of The National Radium Products Company, and, upon retrial, the court, with no special finding, found the issues generally for defendant.

Upon the question of fraud the finding settles the matter and we think it does also upon the question of consideration.

With the element of fraud eliminated there seems nothing left. The corporation could not maintain the action for mere inadequacy of a consideration which, without fraud, it had accepted; *Old Dominion Co. v. Lewisohn,* 210 U. S. 206, 28 Sup. Ct. 634, 52 L. Ed. 1025; *Kunkle v. Soule, supra;* nor, therefore, could a shareholder in its behalf; but this action is by shareholders on behalf of the company and so cannot be maintained for inadequacy of consideration. It would seem, too, under the evidence, that there is no equity in their position, because the cancellation of Kunkle's stock would enure to the benefit of those stockholders who aided in the alleged unlawful transaction as well as those who are innocent. *Old Dominion Co. v. Lewisohn, supra.*

In parts of the brief, it is true, the plaintiffs in error argue and cite authorities as if the suit were on their own account and based on the sale to the public and to them of stock which had been issued full paid for an inadequate consideration, but, if that were so, they should have alleged and proved that they were innocent purchasers, which they have not done; *Old Dominion Co. v. Lewisohn, supra;* so even if the bill were on their own behalf it was rightly dismissed.

They have alleged, moreover, that they acquired their stock upon an original issue thereof by the company to them, and we should infer, from some of the evidence and from allegations in the answer, that they paid fifty per cent

less than par, though it was, we may presume, issued to them full paid. If this is true, their stock, upon which alone they have standing to maintain their suit, whether on their own behalf or the company's is tainted with the same pollution as that which they charge against Kunkle's and therefore they are not in court with clean hands.

Again, the answer alleges that all the stock was in reality issued to Kunkle in consideration of the assignment of processes etc., by him, and that forty-nine per cent was then donated to the company by him as treasury stock and was the source of the holdings of the plaintiffs; and defendant argues that therefore if his stock is defective theirs is.

The argument is sound if the allegations are true, *Old Dominion Co. v. Lewisohn,* 210 U. S. 206, 215, and we must consider them true because the issues are found generally for defendant.

Plaintiffs in error are right that we did not by our former decision, intend to cut off plaintiff's right to show want of consideration at the second trial if he could, and the court below did not do so. The trial judge said, to be sure, in the course of some remarks, that he regarded our former decision as eliminating the question of consideration, but that was not a finding, *Jones v. Boyer,* 68 Colo. 568, 193 Pac. 492, and we must suppose that it was made with reference to the evidence before him. The evidence as to consideration was, substantially, the same as at the first trial, and, in contemplation of that situation he was right in saying that our former opinion was decisive. In no view of the case then, could a decree for plaintiffs have been supported.

There are twenty-two assignments of error in the admission and exclusion of evidence. We have examined both the abstract and record upon these points and can find no error in any of them, which in view of what has been said above, could have affected the result.

Judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER not participating.