## No. 10,424.

## McMILLAN v. HARBERT, ET AL.

Decided November 5, 1923.

Action to rescind contract for the purchase of land. Judgment for defendants.

*Affirmed.*

1. APPEAL AND ERROR—*Fact Findings.* General findings of the trial court based on conflicting evidence, which are sustained by sufficient competent evidence, will not be disturbed on review.

2. *Court Findings.* The findings of the trial court which are binding on review, are those which are formally set out in the decree, and not the discussion of the case by the court from the bench.

3. *Right Judgment—Wrong Reason.* A wrong reason given by the court will not vitiate a right judgment.

*Error to the District Court of Arapahoe County, Hon. Samuel W. Johnson, Judge.*

Mr. H. O. NEVILLE, Mr. ALBERT S. FROST, for plaintiff in error.

Mr. L. WARD BANNISTER, Mr. SAMUEL M. JANUARY, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

McMILLAN brought suit to rescind a contract for the purchase of land. Upon trial to the court he was defeated and brings error.

By the contract in question he agreed to purchase of defendant in error, Leonard H. Harbert, 141 acres of land in Arapahoe county. His complaint alleges that said Harbert represented to him that the land or any part thereof "was not bonded land and was not in a bonded irrigation district" and was not in the town of Aurora; that sixty-one

acres thereof was in the town of Aurora and there were judgments against said town amounting to $441,000, and that said Harbert "well knowing that said lands were subject to the lien of said judgments falsely represented that they were free and clear of incumbrance except" certain trust deeds; that plaintiff relied upon these representations and so was led to enter into the contract. The court found generally for defendants and dismissed the bill and entered a decree for defendants.

The defendants in error invoke the rule that this finding amounts to an express finding that no such representations were made and that this court will not disturb it. To this plaintiff in error replies that the overwhelming evidence of repeated representations, denied only by the principal defendant himself, justifies this court in saying that the trial court was wrong.

If the evidence were as claimed this argument might, perhaps, prevail, but it is not. There are matters in the plaintiff's evidence itself which tend in some degree to discredit it and there is some evidence, (which, by the way, plaintiff in error omitted from his abstract) tending to corroborate defendants' denials. We must, therefore, leave the matter to the court below. Certain other false statements were alleged in later pleadings by the plaintiff but the findings dispose of them in the same manner.

It is claimed that the opinion of the court below shows that the decision was upon unsound grounds, but the findings which control this court are the formal findings in the decree, not the discussion of the case by the court from the bench (*Jones v. Boyer*, 68 Colo. 568, 193 Pac. 492), nor anything the judge may say outside the record, and a wrong reason will not vitiate a right judgment. It follows that the judgment must be affirmed.

Mr. Chief Justice Teller and Mr. Justice Whitford concur.