## No. 10,933.

### DAVIS  v.  LARSON, CONSERVATOR.

Decided February 2, 1925.

Action to cancel conveyance of land.  Decree for plaintiff.

### *Reversed.*

1. PLEADING—*Defect in Parties.*  If a defect in parties does not appear in the complaint, the objection may be taken by answer.

2.      *Defense—Facts.*  The Code requires only a statement of the facts constituting a defense, whatever the defense may be, and it is not necessary to state their purpose.

3. CANCELLATION OF INSTRUMENTS—*Parties.*  The grantee in a deed is a necessary party to an action to cancel the conveyance.

4. APPEAL AND ERROR—*Findings—Effect.*  Where the decree contains a general finding only, the appellate court will presume that the court found every disputed fact in favor of the successful party; if it contains general and special findings, the same presumption as to the general finding prevails, unless there is a special finding to the contrary.

5.      *Findings.*  In an action to cancel a conveyance of land, there being an issue as to whether O. R. Davis, the grantee, and William T. Davis, were the same person, under the state of the record, it is held that the finding of the court must have been that they were not, and the case is reversed because of a holding that O. R. Davis was not a necessary party.

6.      *Court Remarks.*  Remarks of the trial court made during or at the end of a trial, are not findings and cannot be so regarded.

*Error to the District Court of Yuma County, Hon. L. C. Stephenson, Judge.*

Messrs. PELTON & CHUTKOW, for plaintiff in error.

Messrs. THOMPSON & GRUTTER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

LARSON, as conservator of one Uplinger, appointed in 1922, was plaintiff below and had a decree against the plaintiff in error, William T. Davis, canceling a conveyance from Uplinger to O. R. Davis, of certain land in Yuma county. William T. Davis was the only defendant and he brings error.

The defendant, in 1915, entered into a contract with Uplinger whereby he purchased the land in question. By this contract he was to pay for it by the conveyance to Uplinger of certain lots in Wyoming, by the payment of a certain mortgage on the land, the delivery to Uplinger of not less than four brood mares, digging a well on the land and giving Uplinger a lease or right to use the land. Larson claims this lease was to be for the life of Uplinger; Davis that it was to be for three years. The contract was in writing, but was not produced at the trial. Uplinger executed a deed to O. R. Davis, who, defendant says, is his brother, and defendant signed a deed of the Wyoming lots "O. R. Davis" and acknowledged it as O. R. Davis and delivered it to Uplinger. The complaint alleges and plaintiff claims that William T. and O. R. Davis are one and the same. Either defendant or O. R. Davis paid off the mortgage. The well was never dug, the mares never delivered. Uplinger was left in possession and has ever since been in possession. Plaintiff claimed that his ward had been overreached and defrauded.

Plaintiff in error claims that O. R. Davis is an indispensable party. The defendant in error answers that the question was waived by answer and cites *Merrill v. Barr,* 73 Colo. 87, 213 Pac. 576. That case does not cover the present. The rule is that if the defect does not appear in the complaint the defendant may object in his answer; if he does not he waives the defect. Code 1921, §§ 56, 60, 61. If the complaint had not said that William T. Davis and O. R. Davis were one and the same it would have appeared therein that a necessary party was lacking and defendant might have demurred; but, since it did say

so, there was no defect of parties apparent and so no ground of demurrer; he therefore had a right to raise the question by answer which he did by denying that they were one and the same. This negatived the only fact that avoided a defect of parties and was therefore sufficient to show that defect, and it follows that it is a sufficient plea of such defect. The Code requires only the facts constituting the defense, whatever that defense may be, and it is not necessary to state their purpose. *Field v. Kincaid,* 67 Colo. 20, 25, 184 Pac. 832. It follows from what has been said that the defendant has not waived the defect of parties. O. R. Davis was a necessary party. It is he whose title is taken away by the decree.

It is claimed that the court found that William T. Davis and O. R. Davis were one and the same person. At the close of the trial the record shows that the court "being now sufficiently advised in the premises, finds the issues herein joined for the plaintiff." The defendant excepts, motion for a new trial is dispensed with, thirty days given for a bill of exceptions.

The decree contains elaborate special findings, but no general finding and no special finding as to the identity of William T. and O. R. Davis, and proceeds upon the apparent theory that O. R. Davis was a separate individual, for there is a special finding that he is not a necessary party. Where the decree contains a general finding only, we presume that the court found every disputed fact in favor of the successful party. Where the decree contains a general finding and special findings we presume the same unless there is a special finding to the contrary; that is, that every fact in dispute not mentioned in the special findings was found in favor of the winner. We have not been able to find a case where there was a general finding previous to the decree followed later by a decree containing special findings only in which a vital matter has been omitted. What ought to be the rule in a case of that sort? But on the present point, since it seems clear from the decree, which is the final sentence of the court, that O. R.

Davis was regarded as a separate person, we must assume that the court so found and that it proceeded upon the theory that he was not a necessary party, which was erroneous. It is necessary to reverse the case, therefore, on this point, and it does not harm the defendant in error to do so, even if O. R. Davis and William T. Davis are one and the same, because, since they appear upon the records of the county to be different, the decree before us would not give Uplinger a merchantable title.

This conclusion makes it unnecessary to decide the other questions which have been raised, and we forbear to discuss them because a new party will be brought in if the case is tried again.

There is no special finding in the decree as to Uplinger's mental capacity, nor is there anything in the decree to indicate what the court thought about that; but on this point it is now enough to say that when the case is tried again the decree, if it contains no general finding should have a special finding on this point. We may say here, as we have repeatedly said before, that the remarks of the court made during or at the end of the trial wherein the judge expresses his opinion on various points in the case are not findings and cannot be so regarded. *Jones v. Boyer,* 68 Colo. 568, 193 Pac. 492; *Soule v. Kunkle,* 71 Colo. 221, 223, 205 Pac. 529; *McMillan v. Harbert,* 74 Colo. 161, 162, 219 Pac. 1070. They should be written, unmixed with discussion or opinion and may well be in the decree. A moment's thought will show that any other rule would be impracticable. The judge often changes his views during the trial and even after the trial his remarks are but a discussion, often made while trying to make up his mind; almost certainly neither clear, methodical, nor even with intent to show what the findings should be. If we allowed ourselves to be guided by such, we should often be misguided.

The judgment is reversed, the cause remanded for proceedings not inconsistent herewith.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.