## No. 11,720.

### ÆTNA INSURANCE COMPANY, HARTFORD *v.* RICO.

Decided January 24, 1927.

Action on fire insurance policy. Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. APPEAL AND ERROR—*Findings—Presumption.* In an action on a fire insurance policy, plaintiff having alleged waiver of proof of loss clause by defendant, there being no special findings, a judgment for plaintiff must be regarded as based on a general finding, which requires the appellate court to presume waiver.

2. *Findings.* Expressions in an opinion of the trial court at the close of the evidence and argument, are not findings, and are not controlling on the reviewing court.

3. JUDGMENT—*Findings.* When special findings are made in an equity case, they should be incorporated in the decree; in an action at law they should be drawn and signed by the court without comment.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. W. E. CLARK, for plaintiff in error.

Mr. F. D. TAGGART, Mr. M. LEVY, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

RICO had judgment on trial to the court on insurance policies for losses of certain grain stacks by fire. The company brings error and moves for supersedeas.

The policies contained a clause which required proof of loss within sixty days. The proof was never given. The plaintiff pleaded express waiver and the evidence thereof was in dispute. There were no special findings. The judgment therefore must be regarded as based on a general finding for the plaintiff, (*Montrose Co. v. Greeley Bank,* 78 Colo. 240, 242, 241 Pac. 527) and this requires us to presume waiver.

The defendant claims that there were special findings, but we cannot so regard them. There was an opinion by the court, at the end of the evidence and argument, but, as we have many times held, findings so expressed do not control this court. *Montrose Co. v. Greeley Bank, supra. McMillan v. Harbert,* 74 Colo. 161, 162, 219 Pac. 1070; *Jones v. Boyer,* 68 Colo. 568, 193 Pac. 492; *Soule v. Kunkle,* 71 Colo. 221, 223, 205 Pac. 529.

When special findings are made in an equity cause, they should be incorporated in the decree. In an action at law, like the present, they should be drawn up and signed by the court, and should contain no comment any more than a special verdict. An example of formal findings appears in *Larimer, etc., Co. v. Wyatt,* 23 Colo. 480, 483, 48 Pac. 528.

These considerations require us to affirm the judgment. Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.