No. 12,016:

STOTTS v. STOTTS.

Decided March 5, 1928.   Rehearing denied March 26, 1928.

Plaintiff in error was adjudged guilty of contempt for failure to pay alimony pendente lite.

*Affirmed.*

*On Application for Supersedeas.*

1. ALIMONY—*Contempt—Affidavit.* In a contempt proceeding based on the failure of defendant to pay alimony, the question of the insufficiency of the affidavit because of its failure to allege that defendant had property or means of raising money which would enable him to comply with the order of court, held not in the case, where the affidavit stated the ultimate fact that defendant·"has been well able to make such payments."

2. JUDGMENT—*Findings—Remarks of Court.* Remarks of the court made during or at the close of a hearing are not findings.

3. APPEAL AND ERROR—*No Motion for New Trial.* Error assigned on the insufficiency of the evidence to support the judgment will not be considered, where the question was not raised by motion for new trial, there being no order dispensing with such a motion.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. GEORGE B. CAMPBELL, for plaintiff in error.

Mr. FRANK F. DOLAN, for defendant in error.

*En Banc.*

MR. JUSTICE WALKER delivered the opinion of the court.

HAVING been adjudged guilty of contempt for failure to comply with the order of the district court requiring him to pay alimony pendente lite to the defendant in error, Stotts, the plaintiff in error, seeks a supersedeas

and a reversal of the order. He advances three contentions: First, that the affidavit in contempt was fatally deficient; second, that the court below had lost jurisdiction by reason of a finding in favor of the plaintiff in error made at a previous hearing on the same citation; and third, that the commitment to jail ordered by the court below was in violation of section 12, article 2, Constitution of Colorado, prohibiting imprisonment for debt.

1. The defect which plaintiff in error charges to exist in the affidavit is its omission to aver that he had any property, money or means of raising money, which would enable him to pay the alimony. His ability to pay, he argues, is an essential element of the contempt, which must appear upon the face of the affidavit. Whether the affidavit in such case must show affirmatively the ability of the respondent to pay, is a question not presented by this record. The affidavit here alleges that the plaintiff in error "has been well able to make such payments." Under no view of the law would it be necessary that more than this ultimate fact be alleged.

2. At the hearing on the contempt charge, held September 24, 1927, the court below entered an order giving the defendant until November 8th following, within which to comply with its previous orders, and continuing the hearing to the latter date. At the same time, as shown by the bill of exceptions, the court remarked that under the circumstances shown it was impossible for the defendant to raise money at the time of the hearing at least. Plaintiff in error contends that this constituted a finding that the defendant was not guilty, and left the court without further jurisdiction to proceed under the same affidavits and citation. The remark of the court was not a finding. *Aetna Ins. Co. v. Rico,* 80 Colo. 536, 252 Pac. 815; *Jones v. Boyer,* 68 Colo. 568, 193 Pac. 492. The order entered was not a discharge of the defendant, but expressly continued the hearing. This position of plaintiff in error is manifestly without merit.

3. Plaintiff in error earnestly argues that the uncontroverted evidence shows that he was unable to comply with the court's order, and therefore to imprison him for his failure in that regard would be to imprison him, not for a wilful contempt, but for debt, contrary to the provision of the Constitution above referred to. The constitutional question thus raised cannot be reached without first inquiring into the sufficiency of the evidence to support the order of commitment. Without intimating that any question which depends for its solution upon a consideration of the evidence may be considered on a review of a contempt judgment, we may dispose of this assignment by the application of rule 8, of this court. The sufficiency of the evidence to support the judgment was not attacked by motion for new trial, nor was any order made dispensing with such motion. We cannot therefore consider this assignment.

The application for supersedeas is denied, and the judgment is affirmed.