No. 21552

Robert D. Bowers *v.* Rio Grande Investment Company, a Corporation.

(431 P.2d 478)

Decided August 28, 1967.

MACK, JOHNSON AND DOTY, DAVID C. WELLS, for plaintiff in error.

MURRAY, BAKER AND WENDELKEN, GERALD W. BENNETT, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

## I.
## RE: RIO GRANDE'S CLAIM

This litigation was instituted by Rio Grande Investment Company, a Colorado corporation, to recover the par value of 18,000 shares of capital stock issued to or for the benefit of Bowers, for less than the par value. The trial court awarded judgment to Rio Grande for the sum of $4000 and against Bowers on his counterclaim of $200. Bowers, to reverse the trial court on both aspects of its judgment, obtained this writ of error.

Rio Grande's position is well summarized in the pretrial order, thusly:

"* * * Plaintiff claims generally that 18,000 shares of its unissued capital stock of the par value of $1.00 per share was issued to, or at the instance of, the said defendant; that the defendant was obligated to pay or to cause to be paid to the corporation $18,000.00, the par value of the stock; that he paid or caused to be paid only $5,000.00 and that he is indebted to the corporation in the amount of $13,000.00 * * *."

The stock in question was issued in the following manner:

| Cert. No. | To Whom Issued | No. of Shares |
|---|---|---|
| 6 | Elizabeth Potter | 10,000 |
| 7 | Bernard W. Ping | 1,667 |
| 8 | Ben and/or Margaret Raines | 1,666 |
| 9 | T. L. Basket | 1,667 |
| 10 | Robert D. Bowers | 2,000 |
| 11 | Thelma Bowers | 1,000 |

It also appears without contradiction that the corporation received $5000 for Certificate No. 6; that Bowers received $2500 in the aggregate for Certificates Nos. 7, 8 and 9; and that no money was paid to the corporation other than the $5000 received from Mrs. Potter. All cash sales were based on a per share value of fifty cents.

The defendant responded to the complaint by admitting the foregoing stock transactions, but justified them on the basis of an option agreement which initially

was entered into with a predecessor corporation by the same name, and later ratified and extended by the present corporation. The reincorporation did not affect the basic rights, privileges and obligations of the original corporation. It amounted, in effect, to an amendment in its articles of incorporation. The option agreement was identical in time and content to options granted to Brooks, Conly and Nielsen, officers and directors of plaintiff. Conly and Brooks exercised their options in full and Nielsen partially exercised his on a pro rata basis. The record indicates no challenge to the transactions between Rio Grande and Brooks, Conly or Nielsen.

In brief, the agreement provided that, in consideration of services rendered, Bowers could purchase 18,000 shares of $1 par value stock in the new company (60 shares of 6% preferred in the original company at $80 per share), for $4800.

The bylaws of the plaintiff provided that the "Board of Directors will have power to manage company, doing anything they think is proper, provided the certificate of incorporation, or laws of the State of Colorado or the United States do not conflict." Our attention has not been called to any provision of the certificate of incorporation or to any law which proscribes the transaction here under attack.

The defendant was an incorporator and promoter and devoted a great deal of his time, during a two-year period, to the promotion of the corporation.

Arrangements for the actual sale of Certificate No. 6 to Mrs. Potter were made by Conly and Nielsen, with the consent of the defendant. The defendant was given credit in the records of the plaintiff for the sale. The stock certificates, other than No. 6, were issued by Conly at the instance and direction of the Bowers. The transfers were accomplished several years before the present members of the board of directors acquired their stock.

Defendant's assignments of error 2, 3 and 4 challenge

the trial court's findings of fact and its application of the law to those findings. Inasmuch as our determination of this case turns on those issues, we will not enumerate nor discuss the other assignments of error.

The trial court recognized that there was an option, but found that there was no satisfactory proof "as to how the defendant exercised his option." The complaint alleged the existence of the option agreement and that the 18,000 shares had been isued pursuant to the option. And, as pointed out above, the plaintiff's contention, as per pre-trial order, was that Bowers "paid or caused to be paid only $5000.00." The uncontradicted evidence established those facts, also. The agreement was made by Rio Grande through its officers and directors and it was carried out substantially according to its terms. Therefore, if there is any doubt as to "how" the agreement was carried out, we hold that such question is immaterial.

 The court found that the officers and directors of plaintiff did not accept the Potter stock payment in full satisfaction of Bowers' money obligation under the stock option agreement. This finding is contrary to the uncontradicted evidence. Not only did the then officers and directors testify that the proceeds of the sale of the 10,000 shares to Mrs. Potter fulfilled Bowers' money obligation under the agreement, but for over five years the corporation recognized the ownership of all the "option stock" and permitted it to be voted, without challenge, at all stockholders' meetings. The court erred, as a matter of law, in its finding and the consequent legal conclusion which flowed therefrom.

 Defendant's assignment of error No. 4 is directed to the trial court's finding that the defendant was not responsible for making the sale of Certificate No. 6. It is true that Bowers did not in fact make this particular sale. However, the officers and directors made it for his benefit. If this constituted a variance from or modification of the original terms of the option agreement it

was within the authority of the directors to change the terms to this extent, in the absence of fraud or a violation of their fiduciary obligations to the plaintiff corporation.

■■ We adhere to the proposition that organizers and promoters of corporations bear a fiduciary relationship to the corporation. *Swafford v. Berry*, 152 Colo. 493, 382 P.2d 999. The burden of this relationship is that any transaction between the fiduciary and the corporation must be accomplished by a full and fair disclosure of the material facts to the shareholders of the corporation at the time of the transaction, and it must not be attended with fraud, actual or constructive.

■ Rio Grande rested its claim for recovery on the naked proposition that the consideration which Rio Grande received was less than the stipulated par value of the stock in question. Mere proof of consideration of less than the stipulated par value is not in and of itself proof of such inadequacy in price as to establish constructive fraud or constitute overreaching. See *Soule v. Kunkle*, 71 Colo. 221, 205 P. 529; also, *Arapahoe Cattle and Land Co. v. Stevens*, 13 Colo. 534, 22 P. 823.

It should also be noted that there is no claim nor any evidence that the transaction in question was prejudicial to creditors of Rio Grande.

Not only was no fraud, actual or constructive, alleged or proven, the parties actually stipulated that "no one of the claims of the plaintiff is predicated upon fraud of the defendant."

■ We, therefore, conclude that the agreement between the corporation (Rio Grande) and the defendant Bowers was a valid and enforceable contract, free of fraud, at the time it was entered into and that it cannot at this late date be attacked by the corporation, through officers and directors who acquired control long since the agreement. The corporation having accepted Bowers' services, it is bound by its agreement. *Lilylands Canal & Reservoir Co. v. Wood*, 56 Colo. 130, 136 P. 1026.

## II.
## RE: BOWERS' COUNTERCLAIM

The trial court found that Bowers "failed to sustain his counterclaim alleging $200 due from the plaintiff." As pointed out above, the option agreement provided that in addition to services Bowers had a $4800 cash obligation. This was satisfied by the $5000 payment by Mrs. Potter to Rio Grande. It would logically follow that Bowers was entitled, under the agreement, to the overage. However, under the circumstances here, we hold otherwise. Bowers was closely identified with the corporation for some time after the Potter transaction. During this time, so far as the record discloses, he made no demand on Rio Grande for the $200. Subsequently the control and management of the corporation changed, and Bowers still made no demand. In fact, not until the institution of this litigation did he assert any claim for the $200.

No explanation is offered by Bowers for his delay in asserting his claim for the $200. To permit Bowers' recovery of the $200 after his unexplained acquiescence in the nonpayment of his claim by the corporation for a period of over five years, under the circumstances here, would be inequitable. See *Norman v. Boyer*, 111 Colo. 531, 143 P.2d 1017, for an exposition of the general principles of law applicable here. Therefore the judgment of the trial court insofar as it relates to the counterclaim of Bowers against Rio Grande is affirmed.

The judgment of the trial court insofar as it relates to the judgment in favor of Rio Grande on its claim against Bowers is reversed and the cause remanded with directions that judgment in connection therewith be entered in favor of Bowers.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE SUTTON concur.