**In re the MARRIAGE OF Michelle A. LAMUTT, n/k/a Michelle A. Limon, Appellee,**

**and**

**Frederick R. Lamutt, Appellant.**

**No. 92CA1534.**

Colorado Court of Appeals,
Div. IV.

June 9, 1994.

As Modified on Denial of Rehearing
Aug. 4, 1994.

Michelle A. Lamutt, pro se.

William Litvak, Denver, for appellant.

Opinion by Judge MARQUEZ.

Frederick R. Lamutt (husband) appeals a judgment finding him in contempt for non-payment of child support. The primary issue in this appeal is whether husband or Michelle A. Lamutt (wife) has the burden of proof in a contempt proceeding. Inasmuch as we conclude that there was no error in the allocation of the burden of proof, we affirm.

The marriage of the parties was dissolved by a decree entered in 1985 approving the parties' separation agreement in which they agreed to "live separate and apart ... without direction, control, or molestation from the other ... and neither shall annoy or interfere with the other in any manner whatsoever." Husband also agreed to pay child support of $300 per month per child for the parties' five children and the parties agreed to share equally any medical or dental costs not covered by insurance. In 1986, husband's child support obligation was reduced to $1200 per month, and it ultimately was reduced to $260 per month for the three children remaining in the wife's custody.

In 1987, the parties acknowledged that husband maintained two medical insurance policies, and husband agreed to forward to the wife any payments under the "basic policy" (which paid 80% of medical expenses after the deductible) and 50% of the payments under the "excess coverage" (which paid the deductible and the 20% not covered by the basic policy).

In January 1992, the wife filed the verified motion for contempt citation at issue here in which she alleged that husband, in June 1991, had canceled all medical and dental insurance; that, in 1990, he failed to forward to her certain insurance amounts that he had received under the basic and excess coverages; that he had paid no child support since January 1990; and that, in July 1991, he sent her a disturbing letter that was threatening, controlling, and harassing in nature. A hearing was held before a magistrate whose judgment of contempt on all three grounds was affirmed by the district court.

I.

Husband first argues that the grounds set forth in the contempt citation failed to inform him of all of the accusations being made and that, therefore, he was deprived of the opportunity to prepare fully. We are not persuaded.

There is no fixed procedural formula for contempt proceedings, and the polestar in determining the validity of contempt procedures is whether due process of law is accorded. *In re Marriage of Peper,* 38 Colo. App. 177, 554 P.2d 727 (1976).

Here, although the citation for contempt listed only husband's failure to maintain insurance and to forward medical insur-

ance checks to wife, the verified motion, which under C.R.C.P. 107(c) is required to be served with the citation, notified husband that the wife also raised the additional issues of non-payment of child support and violation of the provision against harassment and control. Accordingly, we conclude that husband received full notice and therefore was afforded due process. *See In re Marriage of Roberts,* 757 P.2d 1108 (Colo.App.1988).

## II.

■ Husband next argues that the contempt citation should have been dismissed because the burden was upon wife to show that he had the ability to perform the court orders, specifically to maintain health and dental insurance and pay child support, and that she failed to meet that burden. We disagree.

■ Initially contrary to husband's characterization of the nature of the proceedings here, because the sanction imposed was remedial, the contempt order is properly characterized as civil in nature. *See People v. Razatos,* 699 P.2d 970 (Colo.1985); *People v. Barron,* 677 P.2d 1370 (Colo.1984).

In *Stotts v. Stotts,* 83 Colo. 368, 265 P. 911 (1928), our supreme court held that the *pleadings* seeking a finding of contempt for non-payment of alimony are sufficient if they allege only the ultimate fact that the alleged contemnor had the ability to make the ordered payments.

■ In such a contempt proceeding, the burden initially rests on the movant to make a prima facie showing of the existence of an underlying order that has been violated. And, in order to sanction a contemnor under a remedial contempt order, the trial court must find that the contemnor had the present ability to perform the act ordered and that the contemnor has the present ability to comply with the order. *In re Marriage of Zebedee,* 778 P.2d 694 (Colo.App.1988).

However, our courts have not addressed the issue whether the burden of proving inability to pay at the hearing on contempt rests upon the spouse seeking to enforce compliance with a decree or whether it rests upon the alleged contemnor.

Most jurisdictions subscribe to the view that inability to comply in a contempt proceeding is a matter of defense, so that the burden of proof rests upon the alleged contemnor. *See In re Marriage of Logston,* 103 Ill.2d 266, 82 Ill.Dec. 633, 469 N.E.2d 167 (1984) (noncompliance with an order to pay maintenance constitutes prima facie evidence of contempt and once the prima facie showing is made the burden shifts to the alleged contemnor who may then defend by showing that he is unable to pay); *In re Marriage of Vanet,* 544 S.W.2d 236 (Mo.App.1976) (the financial ability of the alleged contemnor to make the required payment is in the nature of an affirmative defense and the burden of proof is upon the alleged contemnor); *see generally,* Annotation, *Contempt—Alimony or Child Support,* 53 A.L.R.2d. 591 (1957).

The rationale for imposing the burden upon the alleged contemnor is that the evidence relative to that person's ability to pay is more readily available to the alleged contemnor than it is to the movant; the trial court in earlier proceedings has already heard evidence and in entering its order has determined the alleged contemnor's ability or inability to pay; and the movant has established a prima facie case by proving entry of the decree and default on the part of the alleged contemnor to pay the amount or amounts therein. *In re Marriage of Vanet, supra.*

In our view, this rule is the more reasoned one, and therefore, we hold that, upon establishment of a prima facie case, the burden in a civil contempt proceeding shifts to the alleged contemnor to show an inability to pay.

Here, a prima facie case was established by the wife's testimony that she had not received any child support for a period of years and that she had not been completely reimbursed for the insurance payments made. Thus, the burden shifted to the husband to prove his inability to pay and to justify his failure to reimburse the wife. Therefore, the trial court did not err in not dismissing the contempt citation at the close of the wife's evidence.

### III.

Husband also asserts that the entire evidence does not support a finding of contempt. We disagree.

Whether a party has refused to perform an act within his or her power is a question of fact within the sound discretion of the trial court. *In re Marriage of Crowley,* 663 P.2d 267 (Colo.App.1983).

In addition, the determination of the credibility of witnesses, sufficiency, probative effect, and weight to be given to the evidence, are matters for resolution by the trial court, and its holding will not be disturbed on appeal unless the findings of the trial court are manifestly erroneous. *In re Marriage of Hoyt,* 742 P.2d 963 (Colo.App.1987).

Here, considering husband's testimony that for years he had continued to be unable to pay salaries to the employees of his business, the magistrate expressly found "contemptible" the husband's actions in remaining self-employed. The magistrate further found incredible the husband's testimony that he was unable to earn income in any other manner, that he was unable to pay to wife one-half of the basic insurance payments that he had received, and that his motivation in writing the letter was to protect the children.

In specifically addressing husband's ability to pay, the magistrate noted that child support had been reduced to $260 per month and that husband talked about providing funds to his business so that health insurance could be paid for his employees. *See In re Marriage of Crowley, supra* (only reasonable and necessary expenses of business have precedence over child support). The magistrate further found there was no testimony that husband could not earn the necessary $260 per month.

In approving the magistrate's order, the district court determined that the record supports the magistrate's findings, that husband has sufficient education and experience to obtain appropriate employment that would enable him to support his children, and that the husband's letter to the wife constituted clear support for the finding that husband had deliberately harassed her. The court's judgment is supported by the record and will not be disturbed on appeal.

Husband's remaining contentions are without merit.

Judgment affirmed.

PLANK and ROTHENBERG, JJ., concur.