**BOARD OF COUNTY COMMISSIONERS FOR LARIMER COUNTY, State of Colorado, Plaintiff–Appellee,**

v.

**Dave GURTLER, Defendant–Appellant.**

No. 06CA0927.

Colorado Court of Appeals, Div. V.

Aug. 9, 2007.

Rehearing Denied Oct. 18, 2007.

Certiorari Denied April 7, 2008.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

Harden, Hass, Haag & Hallberg, P.C., George H. Hass, William G. Ressue, Fort Collins, Colorado, for Plaintiff–Appellee.

Fischer & Fischer, LLP, Erik G. Fischer, David A. Mestas, Fort Collins, Colorado, for Defendant–Appellant.

Opinion by Judge CARPARELLI.

In this land use case, defendant, Dave Gurtler, appeals the trial court's judgment assessing fines in the amount of $147,800 for his failure to comply with its November 2003 order of contempt. We affirm.

### I. Background

Plaintiff, the Board of County Commissioners for Larimer County, sued defendant alleging, in part, that he was operating a junkyard on his property in violation of the Larimer County Land Use Code. In July 2003, after a bench trial, the court ordered defendant (1) to use or remove certain construction materials stored on the property; and (2) to screen from public view all vehicles that qualified as collectors' items under the Collectors' Items Act, § 42–12–101, et seq., C.R.S.2006, and to remove inoperable vehicles that did not qualify.

In November 2003, after conducting a hearing, the court found that defendant had willfully violated the July 2003 order, set a deadline for him to comply with that order, and imposed sanctions in the form of fines for each day that he failed to comply with each of the requirements of that order. In January 2004, the court extended one of the deadlines.

Defendant appealed the court's July 2003, November 2003, and January 2004 orders. In *Board of County Commissioners v. Gurtler*, 2005 WL 1774218 (Colo.App. No. 04CA0384, July 28, 2005) (not published pursuant to C.A.R. 35(f) )(*Gurtler I* ), a division of this court dismissed defendant's appeal of the July 2003 order for lack of jurisdiction and affirmed the trial court's November 2003 and January 2004 orders.

In February 2006, the County filed a motion for entry of judgment with the trial court seeking judgment for the fines levied in the November 2003 and January 2004 contempt orders. In April 2006, the trial court determined that defendant had accrued fines of $147,800, and it entered judgment against defendant in that amount. This appeal followed.

### II. July 2003, November 2003, and January 2004 Orders

Defendant contends that the trial court erroneously interpreted the Larimer County Land Use Code and Collectors' Items Act. The interpretations to which defendant refers were part of the trial court's July 2003 order. Defendant filed a notice of appeal regarding that order in February 2004 and made the same argument. The *Gurtler I* division dismissed that aspect of the appeal as untimely.

Because this contention was addressed and dismissed in the *Gurtler I* division's July 2005 decision, we will not address it here. *See Widener v. Dist. Court*, 200 Colo. 398, 400, 615 P.2d 33, 34 (1980) ("Failure to file a notice of appeal within the prescribed time deprives the appellate court of jurisdiction and precludes a review of the merits."); *see also People ex rel. Gallagher v. Dist. Court*, 666 P.2d 550, 553 (Colo.1983)(appellate courts generally apply law of the case doctrine unless its application results in error).

Defendant also contends that he was unable to comply with the November 2003 and January 2004 orders because they lacked clarity. We also decline to address this contention because it was raised and rejected in defendant's earlier appeal. *See People ex rel. Gallagher v. Dist. Court, supra.*

Thus, the merits of the July 2003 order directing defendant to comply with the land use code and the Collectors' Items Act, the November 2003 contempt order that imposed remedial fines, and the propriety of the January 2004 order that modified the November 2003 order are not before us.

### III. Procedural Due Process

We reject defendant's contention that the County's 2006 motion, notwithstanding its caption, was an allegation that defendant had committed a new contempt of the court's

November 2003 and January 2004 orders, and, therefore that the court was again required to follow all the procedures of C.R.C.P. 107(c).

### A. Law

The ultimate determinant of "the validity of contempt procedures is whether due process of law is accorded." *In re Marriage of Lamutt*, 881 P.2d 445, 446 (Colo.App.1994)(citing In *re Marriage of Peper*, 38 Colo.App. 177, 554 P.2d 727 (1976)); *see also Austin v. City & County of Denver*, 156 Colo. 180, 184, 397 P.2d 743, 746 (1964) (in contempt proceedings, courts should improvise procedure that accords with due process).

When a court has ordered a person to perform an act and finds the person in contempt for failing to perform it, and the person has the present ability to perform the act, the court may impose remedial fines until the person performs. C.R.C.P. 107(d)(2). When a court imposes remedial sanctions, it must enter an order in writing or on the record describing the means by which the person "may purge the contempt and the sanctions that will be in effect until the contempt is purged." C.R.C.P. 107(d)(2).

The parties do not cite, nor have we found, any Colorado case addressing the process due a contemnor before the court may enter judgment on the amount of remedial fines accrued under the terms of a contempt order. However, we find the reasoning of the United States Court of Appeals for the District of Columbia to be instructive.

In *Brotherhood of Locomotive Firemen v. Bangor & Aroostock Railroad*, 380 F.2d 570, 578 (D.C.Cir.1967), the trial court issued a contempt order against a union for disobeying an anti-strike restraining order, and imposed a fine of $25,000 for each day during which the strike continued. After the strike, the railroad requested an order "assessing fines for failure to terminate contempts." The union filed a response, in which it asserted defenses and requested a jury trial. However, the trial court entered judgment for one day's worth of contempt fines without holding an evidentiary hearing.

The Court of Appeals for the District of Columbia Circuit held that due process requires that the trial court hold an evidentiary hearing before entering judgment assessing previously imposed fines only if the contemnor raises "a genuine issue of fact regarding compliance." *Bhd. of Locomotive Firemen, supra*, 380 F.2d at 581; *see Washington Metro. Area Transit Auth. v. Amalgamated Transit Union*, 531 F.2d 617, 620 (D.C.Cir.1976)("Every civil contemnor who asserts a genuine issue of material fact is entitled to a full, impartial hearing."); *see also Morales–Feliciano v. Parole Bd.*, 887 F.2d 1, 6 (1st Cir.1989)(citing *Bhd. of Locomotive Firemen, supra*, 380 F.2d at 578).

We agree with that court's reasoning and conclude that defendant was entitled to a hearing only if, in his response to the County's motion, he raised a genuine issue of material fact as to whether he complied with the order. Accordingly, we reject the County's argument that C.R.C.P. 121 § 1–15(4) controls, and defendant's counter argument that the April 2006 order imposed punitive sanctions, and that, as a result, C.R.C.P. 107(d)(1) controls.

### B. Conclusions

Here, the court's November 2003 order put defendant on notice that fines would accrue until he complied with the July 2003 order, and the County's motion in April 2006 put him on notice that (1) the County alleged that, as of that time, he had not complied with the order and that fines as to each of two requirements had accrued for more than 700 days; and (2) the County was asking the court to determine the amount of the accrued fines and to enter judgment in that amount. The County's motion also included an affidavit from a county inspector and photographs as proof that defendant had not purged the contempt.

Defendant's response to the motion included a general denial and stated that his house had burned down, that he had had to move various items, and that these circumstances made it impossible for him to fully comply with the order. The response did not (1) request an evidentiary hearing; (2) assert that defendant had complied, even partially,

with the contempt order; (3) provide any details regarding the fire; (4) state that the fire had affected the vehicles or construction materials; (5) describe any other burdens the fire may have created; or (6) explain how the fire made it impossible for him to even partially comply with the July 2003 order. In addition, on appeal, defendant does not argue that his response raised genuine issues of material fact that required the trial court to conduct an evidentiary hearing.

Under these circumstances, we conclude that defendant's due process rights were not violated when the trial court entered judgment in the amount of accrued fines without conducting an additional hearing. *See Morales–Feliciano, supra,* 887 F.2d at 7 (no violation of due process found where contemnor, who had adequate notice and was able to present arguments in writing, failed to raise an issue of disputed fact or request a hearing).

### IV. Attorney Fees on Appeal

The County requests an award of attorney fees and costs incurred on appeal. Because we conclude that defendant's appeal is not frivolous, we decline to grant its request. *See* C.A.R. 38(d).

Judgment affirmed.

DAILEY and TERRY, JJ., concur.