## BALLEW v. ARNETT ET AL.

[No. 10,554.   Filed December 10, 1920.]

1. LANDLORD AND TENANT.—*Breach by Landlord.*—*Cancellation of Lease in Action by Landlord.*—Where the landlord re-enters, as for a breach of the lease by the tenant, when there has been no breach by him, the landlord has no right to a cancellation of the lease as for breach thereof by the tenant under provisions of the lease giving the right of re-entry and repossession in case of such breach.   p. 323.

2. APPEAL.—*Review.*—*Moot Question.*—*Leases.*—An issue of the cancellation and forfeiture of a lease becomes a moot question on appeal by the termination of the lease according to its terms and prior to final decision.   p. 323.

3. LANDLORD AND TENANT.—*Cash Rental.*—*Re-entry.*—*Growing Crops.*—*Provisions of Lease.*—Under a lease providing for cash rent, authorizing the landlord to cancel and terminate the contract at the expiration of any year, with the provision that tenant should retain possession of any portion of the farm then in growing wheat or rye until it was harvested and threshed, but providing no additional consideration to the landlord therefor, no additional consideration was intended.   p. 323.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Mary E. Ballew against Leven Arnett and another.   From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Charles D. Hunt, Gilbert W. Gambill* and *Arthur D. Cutler,* for appellant.

*John W. Lindley,* for appellees.

NICHOLS, J.—This appeal is from a judgment rendered in two suits by appellant, the first against appellee Arnett, and the second against both appellees which suits had been consolidated for trial.   The complaint in the first suit was in three paragraphs—the first paragraph involving alleged damages for the breach of a rental contract by which appellant leased to appellee

for a consideration of $480 per annum eighty acres of land for five years from March 1, 1914; the second paragraph involving damages for alleged waste; and the third paragraph praying cancellation and forfeiture of the rental contract for breach of its terms.   There was a counterclaim by appellee Arnett, praying damages for appellant's breach of the contract.

The complaint in the second suit was in two paragraphs, praying for damages for the alleged conversion of rye raised by appellee on appellant's land, and sold to appellee elevator company.   Appellees answered in three paragraphs—the first denial; the second averring substantially the same facts as the counterclaim in the first suit; and the third with the same facts seeking recoupment and judgment over.   There was a trial, with special findings of fact and judgment for appellee, after recoupment, for $206.06.

The only error presented is the action of the court in overruling appellant's motion for a new trial.   Under this assignment the only reasons properly presented are that the finding of the court is not sustained by sufficient evidence, that it is contrary to law, and that the damages are erroneous, being too large.   Appellant contends that the court failed to find as to whether or not the lease should be forfeited and canceled, and that it further failed to find any amount due appellant for the use of a portion of the leased premises after March 1, 1917, which had been sown to rye in the previous fall and that was harvested by appellee Arnett.

It is provided in the lease that upon the nonpayment of the whole or any portion of the rent at the time when the same becomes due, or upon the nonperformance by appellee Arnett of any of the covenants of the lease, appellant might, at her election, re-enter and take possession of said premises.   It is further provided therein that appellant should have the right to cancel and termi-

nate the contract at the expiration of any year by paying appellee Arnett $75 for extra trouble and expense to which he may be put because of such termination, with the further provision that, if such appellee should have a crop of wheat or rye growing, he should retain possession of such portion of the farm as was in such crop until the same was harvested and threshed.

It does not appear by the findings that appellee Arnett had failed to perform any of the terms of the lease, nor that he abandoned the farm, though 1-2. it does appear that he vacated the dwelling house thereon in January, 1917. It does appear that appellant took possession of the farm March 4, 1917, at which time there was due appellee a balance, after recoupment, of $206.06, by reason of appellant's breach of the contract. She thereafter remained in such possession, except as to a certain portion thereof which appellee Arnett had sown to rye, of which portion he retained possession until the rye was harvested and threshed. There is evidence supporting each of the findings, and we do not weigh the evidence. Under the findings, there was clearly no right of cancellation for breach of the contract. Further, the lease terminated March 1, 1919, by its terms, and therefore the issue of cancellation and forfeiture of the lease, by reason of such termination, becomes a moot question in this court. *Hood* v. *McCarthy* (1910), 174 Ind. 128, 91 N. E. 501.

Appellant having taken possession under the terms of the lease, appellee Arnett had a right to possession of the rye field until the crop was harvested. There 3. is no provision in the lease for additional consideration therefor, and it is our construction that no additional consideration was intended.

Judgment affirmed.