## No. 12,123.

### KAHNT v. CALDWELL, ET AL.

Decided September 17, 1928.

Mr. HARRY BEHM, for plaintiff in error.

Mr. GEORGE B. CAMPBELL, for defendants in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

KAHNT was plaintiff and Caldwell and his wife defendants in the court below. We refer to them as there

aligned.   Kahnt brings the case here and asks for a supersedeas.

Kahnt is the owner of a quarter section of land, and the defendants are his tenants.   The issue involves the date of expiration of tenancy.

After the trial, which was to the court, the court announced in an informal and somewhat indefinite way, his opinion on the merits.   In part, it appears to be satisfactory to plaintiff, and in another part it seems to be unsatisfactory to him.   It is entitled, ''Opinion of the Court,'' and concludes with the remark:   ''These findings will be made in favor of the plaintiff, and judgment ordered in accordance therewith, and the attorney for the plaintiff is directed to draw a written judgment or decree so as to state definitely the findings and judgment of the court.''   Counsel for plaintiff did not follow these directions, but later filed a paper entitled, ''Motion to Amend the Findings.''

There is no record before us that this motion was determined by the court, or that there were any findings to amend, but afterwards it was ordered that judgment be entered upon the findings.   What the findings were, if any, on which the order for judgment was predicated, whether the findings were, if any, amended or unamended, or what the judgment or decree held, if there was one, are pertinent questions that we have no way of determining from the record before us.   It is wholly silent in this respect.

The trial court expressly recognized the indefinite character of its opinion, but indicated its general views, partly in plaintiff's favor, as an aid to counsel in drawing definite findings and decree.   This opinion of the trial court is now treated by counsel for plaintiff as the findings and final decree, but it is not such.   *Aetna Ins. Co. v. Rico*, 80 Colo. 536, 537, 252 Pac. 815.

Perhaps if counsel had drawn the instrument, as directed, it could have been made satisfactory to him. If not, he could have taken his exceptions to the unsatis-

factory part, and offered us something tangible for our determination. It is not customary for us to tell the trial court in advance what findings and decree to make, but to pass upon them after they have been made. This not having been done, there is no judgment to affirm or reverse. The writ of error will accordingly be dismissed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.