No. 12,233.

Kahnt v. Caldwell, et al.

Decided April 22, 1929.

Mr. Harry Behm, for plaintiff in error.

Mr. Geo. B. Campbell, for defendants in error.

*Department One.*

Mr. Justice Adams delivered the opinion of the court.

The issues herein involve the date of expiration of the tenancy of Caldwell and his wife, tenants on Kahnt's farm. It is the second appearance of the cause in this court. *Kahnt v. Caldwell,* 84 Colo. 374, 270 Pac. 552. Kahnt was plaintiff and the Caldwells were defendants in the trial court. They are so referred to here.

We dismissed the writ of error in the above case for the reason that there was no final judgment. *Kahnt v. Caldwell, supra.* Since then Kahnt appeared in the district court and moved for entry of final judgment and

decree, which was accordingly done. He then caused a new case to be docketed in this court, showing the entry of a final judgment or decree, and the parties have stipulated that the briefs in the former case reported in 84 Colo. 374, may be used in the present cause.

From the final decree, it now appears that defendants, the Caldwells, held a lease on Kahnt's quarter section of land, which lease expired on March 1, 1929, and that Kahnt had the right to put in fall crop and plow about eighty acres of said land. The decree does not say, but we gather from the pleadings and other parts of the record, that the fall crop and plowing refers to wheat to be planted by Kahnt in the year 1927, for a 1928 harvest, leaving to the tenants, however, the use of the pasture land until March 1, 1929. The pasture land comprises about one half of the farm.

The trial court well said that the lease between the parties is not very definite. And even if the cause as originally brought to this court had incorporated a final decree, it would not have done the parties any practical service in the manner presented, as far as it bears on the privilege decreed to Kahnt allowing him to plow 80 acres and plant a fall crop thereon in the year 1927, and impliedly to harvest it in 1928. We say this because such decretal provision was manifestly in Kahnt's favor, but whether it was injurious to the Caldwells or not, they have not assigned any cross errors, and so, there is no controversy in this court as to such feature. It follows that this part of the decree for Kahnt is conclusive.

Kahnt filed his complaint on September 8, 1927. He claimed that the Caldwells' tenancy, covering the whole quarter section, expired on January 1, 1928. They alleged in their answer that the correct date was March 27, 1929, but the decree fixed it as March 1, 1929, and they have made no objection here to the latter date. If the record as originally brought to this court had contained a final decree, we might have then expressed our opinion about such date, but it is too late now to do the parties

any good. The entry of such final decree was delayed, and after plaintiff in error brought the case back to us, the month of March, 1929, passed before the cause reached its place for the second time on our submission docket. The assignments of error preclude inquiry after March 1, 1929, as to the date of expiration of the Caldwells' tenancy, and since that time has now expired, the case has become moot. The writ of error will be accordingly dismissed. *Walker v. Walker,* 85 Colo. 473, 276 Pac. 981, and cases there cited.

Writ dismissed.

Mr. Chief Justice Whitford, Mr. Justice Alter and Mr. Justice Campbell concur.