**ALPERT et al. v. WOLF.**

No. 894.

Municipal Court of Appeals for the District of Columbia.

Argued March 20, 1950.

Decided May 4, 1950.

Rehearing Denied May 12, 1950.

Herman Miller, Washington, D. C., for appellants.

Leonard S. Melrod, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal involves possession of what is described as "north booth" of 908 14th Street, N. W., otherwise known as "a retail store." The property was let on a month to month basis commencing July 1, 1947, by Pat Troiano, as lessor, through Samuel E. Wolf, as rent manager. The lessees were Nathan and Nola L. Alpert, appellants here. The agreement signed by the parties described the property as "real estate and premises" and contained the usual provisions of a lease including resort to the Landlord and Tenant Branch of the Municipal Court in the event of nonpayment of rent. On June 2, 1948, the lessor's rights were assigned to S. E. Wolf. May 24, 1949, a sixty days' notice to quit signed "S. E. Wolf, also known as Samuel E. Wolf" was served upon Nathan Alpert and Nola L. Alpert. A copy of this notice is copied in the margin.[1] During the summer of 1949 Samuel E. Wolf died and on September 9, 1949, a suit for possession of the premises was commenced against the tenants. In this action plaintiff was described as "Lillian Wolf, Executrix of the Estate of Samuel Wolf", who was alleged to be entitled to possession of the premises. She is the widow of Mr. Wolf, and it was claimed in argument and not denied that she had inherited the property. The complaint was on a form designed for recovery of possession of housing accommodations and stated that possession was sought under Section 5 of the District of Columbia Emergency Rent Act, D.C.Code 1940, § 45—1605, by reason of "Substantial altering and remodelling and replacement with new construction Commercial property." Shortly thereafter and before answer had been filed, plaintiff with the consent of the trial court filed an amended complaint in which she was described as suing "individually and as Executrix of the Estate of Samuel E. Wolf." In addition reference to the Rent Act was eliminated and the grounds upon which possession was sought were stated as

"Commercial Property, Monthly Tenancy Expired." After an answer had been filed, the case was scheduled for jury trial. Various stipulations were entered into, however, and the trial court granted a motion for a directed verdict for plaintiff. From the resulting judgment tenants appeal.

Tenants have assigned a large number of errors but have grouped them into the following three divisions: (1) The court erred in permitting the amended complaint by the addition of parties plaintiff and "changing" the cause of action. (2) The court erred in holding the notice to be good, first, by holding the notice in and of itself was sufficient, and, secondly, that the notice inured for the benefit of the successor landlord. (3) That the court erred in refusing to receive evidence of an alleged oral agreement between tenants and the prior owner of the property.

We believe that the tenants have not shown error in the first group of assignments. On the initiative of their counsel no witnesses were heard, but the notice to quit and the written lease agreement were admitted in evidence by stipulation (offered by defendant's counsel) and all points were argued as questions of law. This leaves the record extremely abbreviated, much of the discussion being "off the record", but, as already stated, this occurred on the initiative of tenants' counsel.

■■ Although the rules of the Landlord and Tenant Court do not specifically permit amendments, Code 1940, 13—301, provides that in all judicial proceedings the court shall have power upon such terms as shall seem best, at any stage of the case, to allow amendments to pleadings. Approximately the same provision is contained in Federal Rules of Civil Procedure, rule 15, 28 U.S.C.A. Where a pleading is filed in the name of one suing in his individual capacity, it may, where the cause of action is not changed, be amended so as to make the suit stand in his representative

---

1. "You are hereby given notice to quit and surrender the possession of the premises you are now occupying as tenants, namely, North Booth of Premises No. 908—14th Street, Northwest, Washington, D. C., at the end of Sixty (60) Days after the beginning of your next month's tenancy, which said next month's tenancy begins on June 1, 1949."

capacity, and vice versa.[2] Here the record makes clear that it was the intention of landlord to sue in her individual capacity. At most, therefore, the description of her as executrix in the amended complaint was surplusage. Having in mind the manner in which the case was tried and the various stipulations of defendants, we have concluded that there was no reversible error in the allowance of the amendment to change the description of the party plaintiff.

 We believe also there was no error in the allowance of the amendment to change the body of the complaint. The only limitation of the trial court's discretion under the statutes governing amendments of complaints is that the court shall not grant amendments which state a new cause of action.[3] Here, as we have already noted, the original complaint stated, as a reason why possession was desired, that the property involved was "Commercial property." The District of Columbia Emergency Rent Act, Code 1940, Supp. VII, 45—1601 et seq., by its terms applies only to "housing accommodations." Therefore the mention in the original complaint that possession was sought under Section 5 of the Emergency Rent Act in order to substantially alter and remodel and replace with new construction likewise was surplusage. It results that the filing of an amended complaint in which mention of the Emergency Rent Act was stricken and reference made only to the fact that the property was commercial property did not state a new cause of action. Allowance of the amendment therefore was proper.

 We rule also that the trial court was correct in holding that the notice to quit was good and inured to the benefit of appellee. In the District of Columbia by statute a tenancy from month to month, such as the present one, may be terminated by a thirty days' notice in writing from the landlord to the tenant, "said notice to expire * * * on the day of the month from which such tenancy commenced to run."[4] In the present case tenants complain that the notice to quit was not in accordance with the statute. Counting in the usual way from June 1, July 31 was the sixtieth day, and since the notice required only that the tenants vacate the premises "at the end of" such sixty days, it is clear that the notice gave far more than the thirty days required and fully complied with the Code.[5]

Tenants also urge without any recital of authority that the notice to quit given by the landlord's decedent during his lifetime did not inure to the benefit of appellee. Recently we ruled adversely to a similar contention.[6] Furthermore, Tiffany on Landlord and Tenant states the rule as follows: "A notice to quit, once given, is effectual in favor of and as against any successors in interest of either party * * *."[7] Through the manner of trial initiated by tenants, the actual right of the landlord to possession of the property was not raised below and hence may not be raised here.

The final assignment of error by tenants has to do with the refusal by the trial court of an offer by tenants to prove that they had an oral agreement with the deceased landlord to give them "a lease through January 31, 1950."

The landlord objected to the admission of the proffered evidence on the ground that, in an action between the heir or other representative of a deceased or otherwise incapable party and the survivor, no evidence regarding such transactions may be given unless conditions exist which did not exist in the present case. The trial

2. 34 C.J.S., Executors and Administrators, § 770, p. 813; St. Louis & S. F. R. Co. v. Herr, 5 Cir., 193 F. 950, certiorari denied 225 U.S. 705, 32 S.Ct. 837, 56 L. Ed. 1265.

3. District of Columbia v. Leys, 62 App. D.C. 3, 63 F.2d 646; Plummer v. Johnson, D.C.Mun.App., 35 A.2d 647.

4. Code 1940. 45—902.

5. Young v. Baugh, D.C.Mun.App., 35 A.2d 242.

6. Rubenstein v. Swagart, D.C.Mun.App., 72 A.2d 690; cf. Zoby v. Kosmadakes, D. C.Mun.App., 61 A.2d 618.

7. 2 Tiffany, Landlord and Tenant, § 204, p. 1461.

court gave a written opinion on this subject in which the proffered evidence was held inadmissible on the ground that an amendment to the D.C.Code, adopted June 24, 1948,[8] was unconstitutional and that therefore the provision of the 1901 Code [9] on the subject remained in effect and prohibited the admission of this evidence. The provision of the 1901 Code, so far as applicable here, embraced suits both for and against representatives of deceased persons and prohibited testimony regarding transactions with the deceased except under conditions not existing in the present case. The 1948 amendment, which the trial court held was a substitute for the 1901 provision, applied only to suits *against* the representative of the deceased. The trial court held this was discriminatory and violated the due process clause of the Fifth Amendment.

In the view that we take of the case, this issue has become moot. The notice of appeal to this court was filed December 15, 1949, the brief of tenants was filed February 20, 1950, the brief of the landlord was filed March 17, 1950, and the case was argued March 20, 1950. It results that not only now but at the time briefs were presented and the case argued the alleged oral agreement with the deceased to give tenants a lease through January 31, 1950, had long since expired. We heard arguments because of the assignments of error regarding the amendment to the complaint and the service of a notice to quit and because, if the trial court had

been in error on either of those points, it would have been necessary to reverse the judgment and in that event tenants would have been entitled to service of a new notice to quit under the written agreement upon which the landlord relied. We have decided, however, that on those points the judgment of the trial court should be affirmed. As to the point regarding the alleged oral lease until January 31, 1950, however, there is no longer anything for this court to decide. Under Code 1940, 45—901, when real estate is leased for a certain term, no notice to quit is necessary, and the landlord is entitled to possession immediately upon the expiration of the term. It is fundamental, as stated by the Supreme Court, that "the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."[10] Moreover, it has often been decided where possession of land was involved under an alleged lease the question becomes moot after the expiration of such lease.[11]

It results that there is no occasion for us to discuss the admissibility of the proffered evidence of the alleged oral agreement or the constitutionality of the 1948 amendment to the Survivor's Testimony statute.

Affirmed.

8. Code 1940, Supp. VII, 14—302.

9. Code 1940, 14—302.

10. Mills v. Green, 159 U. S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293; Heitmuller v. Stokes, 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990; Price v. Wilson, D.C.Mun. App., 32 A.2d 109; 5 C.J.S., Appeal and Error, § 1455.

11. Manning v. Heath, 206 Iowa 952, 221 N.W. 560; Kahnt v. Caldwell, 85 Colo. 496, 277 P. 471; Verner v. Tomlinson, Tex.Civ.App., 148 S.W.2d 218; Sherrill v. Stewart, 196 Miss. 422, 17 So.2d 443; Ballew v. Arnett, 74 Ind.App. 321, 129 N.E. 18.